1    HONORABLE SAMUEL J. STEINER

2

3

4

5

6

7

8            UNITED STATES BANKRUPTCY COURT
            WESTERN DISTRICT OF WASHINGTON
9
     In re
10                                              BANKRUPTCY NO. 09-16841 (Ch. 7)
     MICHAEL R. MASTRO,                         ADVERSARY NO. _____
11
                    Debtor.                     COMPLAINT SEEKING 1) AVOIDANCE
12                                              OF FRAUDULENT CONVEYANCES
     _____           AND FRAUDULENT TRANSFERS
13   JAMES F. RIGBY, JR., Trustee, solely in his capacity   UNDER RCW 19.40; 11 U.S.C. 544 AND
     as Chapter 7 trustee of the bankruptcy estate of   11 U.S.C. 548; 2) QUIET TITLE WITH
14   Michael R. Mastro,                         RESPECT TO MASTRO MEDINA
                                                RESIDENCE; MASTRO JEWELRY AND
15                  Plaintiff,                   MASTRO ROLLS ROYCE 3)
            v.                                   INJUNCTIVE RELIEF; AND 4)
16                                              PRESERVATION OF AVOIDED
     MICHAEL R. MASTRO; LINDA A. MASTRO;         TRANSFERS FOR BENEFIT OF ESTATE
17   MICHAEL K. MASTRO and JANE DOE MASTRO;
     husband and wife and the marital community
18   composed thereof; LCY, LLC, a Delaware limited
     liability corporation; MASTRO REVOCABLE
19   LIVING TRUST; MASTRO IRREVOCABLE
     TRUST; LCY, LLC-SERIES HOMES; LCY, LLC-
20   SERIES JEWELRY; LCY, LLC-SERIES
     AUTOMOBILES; THE LCY TRUST, a trust
21   purported to be formed in Belize; and COMPASS
     TRUST CORPORATION, a trust of unknown origin
22   using an address in Belize City, Belize; COMPASS
     S.A.; CONCEPT DORSSERS, a purported Monaco
23   company; and FOUNDATION MANAGEMENT

COMPLAINT -- Page 1

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1  INC., a Washington corporation,

2                                    Defendants.

3  _____

4        JAMES RIGBY ("Trustee"), solely in his capacity as Chapter 7 Trustee of the bankruptcy

5  estate of Michael R. Mastro ("Mastro"), by and through his attorneys, Bush Strout & Kornfeld, for the

6  benefit of creditors of the above-captioned bankruptcy estate, seeks to avoid the transfer of the

7  Debtor's interest in real property, jewelry and vehicles, made or caused to be made by the defendants

8  herein within two years prior to the bankruptcy, to quiet title in the estate as to assets fraudulently

9  conveyed, to enjoin certain parties from proceeding with foreclosure, and to obtain judgments against

10  parties who have conspired with the debtor in furtherance of fraudulent conveyances.

11                          **I.    INTRODUCTION**

12        Within the eighteen months prior to the bankruptcy, the real estate market (the most important

13  predictor of Mastro's business profitability) was experiencing a severe and unprecedented downturn.

14  During this time, Mastro and certain other Defendants herein, through a series of transfers designed to

15  place Mastro's most valuable assets out of the reach of his creditors, took the following actions:

16        A.    Through a series of transactions transferred ownership of the Debtor's then-

17  unencumbered residence, for which the Debtor had paid $15,000,000 in 2006, to a Delaware entity

18  purportedly controlled by an offshore Belizean trust in exchange for no consideration;

19        B.    Purported, post-transfer, to encumber the Mastro residence with two deeds of trust

20  totaling $15,000,000 in favor of entities to which no underlying debt is owed and that gave no

21  consideration in exchange for the deeds of trust.

22

23

COMPLAINT – Page 2

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1        C.      Transferred ownership of substantial and valuable jewelry, including a 27.8 carat

2 diamond ring, to a Delaware entity purportedly controlled by an offshore Belizean trust in exchange

3 for no consideration.

4        D.      Transferred ownership of a 2008 Rolls Royce, purchased for $400,000 in 2008, to a

5 Delaware entity purportedly controlled by an offshore Belizean trust in exchange for no consideration.

6       These transfers were made to hinder, delay and defraud Mastro's creditors. The Trustee

7 alleges as follows:

## II.     JURISDICTION AND VENUE

9      2.1      This is matter is a core proceeding under 28 U.S.C. §157(b)(2)(B), (C), (E), (H), (K)

10 and (O).

11

12      2.2      This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. §157(a) and

(b), 1334(a) and (b), and 11 U.S.C. §§105, 544, 548, 550 and 551.

13

14      2.3      This matter has been referred to the Bankruptcy Judges of the District pursuant to

15 General Rule 7 of the Rules for the United States District Court for the Western District of

16 Washington.

17      2.4      Venue is proper under 28 U.S.C. §1409.

## III.     PARTIES

19      3.1      <u>Debtor</u>. An involuntary Chapter 7 bankruptcy petition was filed against Michael R.

20 Mastro ("Mastro" or "Debtor") on July 10, 2009. On August 21, 2009, the Bankruptcy Court entered

21 an Order for Relief and Judgment Granting Petition for Involuntary Chapter 7 petition. On August 20,

22 2009, Mastro filed a First Amended Answer and Consent to Entry of Order for Relief under Chapter 7

23

COMPLAINT – Page 3

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

of the Bankruptcy Code and a Second Amended Answer and Consent to Entry of Order for Relief under Chapter 7 of the Bankruptcy Code.

3.2    Trustee.  James Rigby ("Rigby" or "Trustee") was appointed Chapter 7 Trustee for the Mastro estate on August 21, 2009.  The Trustee is authorized to bring this action pursuant to 11 U.S.C. §§105, 544, 548, 550 and 551 and does so solely in his capacity as Trustee for the Mastro estate.

3.3    Defendant Linda Mastro.  Linda Mastro is the wife of Mastro and a resident of the state of Washington.

3.4    Defendant Michael K. Mastro.  Michael K. Mastro ("MKM") is the son of Mastro and, upon information and belief, is a resident of the state of Washington.

3.5    Defendant Jane Doe Mastro.  Jane Doe Mastro is the wife of Michael K. Mastro and together they form a marital community.  Upon information and belief, any acts done by Michael K. Mastro were done for the benefit of the marital community.  Upon information and belief, Jane Doe Mastro is a resident of the State of Washington.

3.6    Defendant LCY, LLC is a Delaware Limited Liability Company established on October 9, 2008.

3.7    Defendant LCY, LLC – Series Homes is a series purportedly organized pursuant to the LCY, LLC Operating Agreement and Delaware law.

3.8    Defendant LCY, LLC - Series Jewelry is purportedly organized pursuant to the LCY, LLC Operating Agreement and Delaware law.

COMPLAINT – Page 4

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

3.9 <u>Defendant LCY, LLC – Series Automobiles</u> is a series purportedly organized pursuant to the LCY, LLC Operating Agreement and Delaware law.

3.10 <u>Defendant LCY Trust is the sole member of Defendant LCY, LLC.</u>

3.11 <u>Defendant Compass Trust Corporation</u> is the trustee of Defendant LCY Trust.

3.12 <u>Defendant Concept Dorssers</u> is a Monaco company that, upon information and belief, does business in the State of Washington.

3.13 <u>Defendant Foundation Management, Inc.</u> is a Washington corporation.

3.14 <u>Mastro Revocable Living Trust</u> is a trust purportedly formed by Mastro and Linda Mastro on October 2, 2002.

3.15 <u>Mastro Irrevocable Trust</u> is a trust purportedly formed by an agreement dated August 21, 2008 between Mastro and Linda Mastro as grantors, and Mastro and Michael K. Mastro as co-trustees.

3.16 <u>Compass S.A.</u> purports to be the Protector of Defendant LCY Trust as that term is defined in the LCY Trust.

## IV. BACKGROUND FACTS

4.1 The Trustee seeks to avoid certain transfers and/or purported transfers of assets of the Mastro bankruptcy estate made or caused to be made by Defendants Michael R. Mastro, Linda A. Mastro and/or Michael K. Mastro from June 2008 through .

**Mastro's Background**

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    4.2    Mastro is approximately 84 years old and has been engaged in the real estate

2    profession in the Seattle area and surrounding communities for decades.

3    4.3    Mastro has been a prolific developer with respect to multi-family building lots, multi-

4    family structures, and single-family lots and houses.

5    4.4    By early 2008, well before the month of June, 2008, it was clear to Mastro and others

6    that single family residence development was in catastrophic financial shape on a nation-wide basis

7    and Mastro, as a very large investor in single-family real estate properties, was in deep and

8    inescapable financial trouble.

9

10    4.5    By June 2008, Mastro's holdings in single-family lots and development real estate

11    were virtually all encumbered and Mastro was forced to pay interest on loans secured by assets which

12    were not salable.  Mastro was losing money and was having to go out of pocket to pay banks and

13    "Friends and Family"creditors.

14    4.6    Over the years, Mastro has acquired distressed commercial real estate, improved and

15    sold it.

16    4.7    Mastro was a frequent hard money lender who engaged in numerous lending

17    transactions.  In that role, Mastro has become very experienced with the legal collection process and

18    has observed methods by which debtors attempt to conceal assets from their creditors.

19    4.8    Mastro has also been involved in the construction of commercial real estate.

20    4.9    Mastro's bankruptcy schedules filed with the Bankruptcy Court on September 9, 2009

21    ("Schedules") reflect total debt exceeding $570,000,000.

22

23

COMPLAINT – Page 6

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.10    Many, if not substantially all, of the properties on Mastro's Schedules secure debt exceeding the values attributed to them in the Schedules.

**Acquisition and Transfers of the Mastro Medina Residence**

4.11    In 2006, Mastro and Linda Mastro acquired a residence located at 3435 Evergreen Point Way, Medina, Washington ("Mastro Medina Residence"). Ex. A. The excise tax affidavit filed in conjunction with the transaction states that the sale price was $15 million. Ex. B.

4.12    No deed of trust was recorded against the Mastro Medina Residence in conjunction with the Mastros' purchase thereof.

4.13    Mastro and Linda Mastro held the unencumbered Mastro Medina Residence in the name(s) of Michael R. Mastro and Linda Mastro until June 9, 2008.

4.14    On June 9, 2008, Mastro and Linda Mastro transferred the Mastro Medina Residence into the Mastro Revocable Living Trust ("June 9, 2008 Transfer"). Ex. C. No consideration was provided by the Mastro Revocable Living Trust in exchange for the transfer. Ex. D.

4.15    Seventy-four days later, on August 22, 2008, Mastro, as trustee of the Mastro Revocable Living Trust, deeded the Mastro Medina Residence to himself and Michael K. Mastro, co-trustees of the Mastro Irrevocable Trust (August 22, 2008 Transfer"). Ex. E. No consideration was provided in exchange for this transfer. Ex. F.

4.16    A true copy of a document obtained by the Trustee purporting to be the August 21, 2008 Mastro Irrevocable Trust Agreement is attached hereto as Exhibit g.

COMPLAINT – Page 7

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.17    It is not clear that the document does, in fact or in law, create an irrevocable trust. Mastro and Linda Mastro are grantors and beneficiaries under the Trust. Mastro and Michael K. Mastro are co-trustees of the trust.

4.18    In addition to the Mastro Medina Residence, the August 22, 2009 Transfer to the Mastro Irrevocable Trust included the Mastros' former residence in Clyde Hill ("Mastro Clyde Hill Property") and another property in the Seattle Highlands ("Mastro Seattle Highlands Property").

4.19    On October 10, 2008, 44 days after the August 22, 2008 transfer of the Mastro Medina Residence to the Mastro Irrevocable Trust, Defendants Mastro and Michael K. Mastro, co-trustees of the Mastro Irrevocable Trust, transferred the Mastro Medina Residence to Defendant LCY, LLC-Series Homes by execution of a quitclaim deed ("October 10, 2008 LCY Series Homes Transfer"). Ex. h. The October 10, 2008 LCY Series Homes Transfer was not recorded until 30 days later on November 10, 2008. Id.

4.20    Article VI.E.1 of the Mastro Irrevocable Trust Agreement provides that no trust asset shall be sold, exchanged or otherwise dealt with or disposed of for less than an adequate consideration in money or money's worth. Ex. G.

4.21    LCY, LLC-Series Homes provided no consideration in exchange for the October 10, 2008 LCY Series Homes Transfer. Ex. I.

### Formation of the LCY Entities As Part of Mastro Plan to Protect His Assets

4.22    The Seattle firm of Vigal & Simon, Inc. ("Vigal & Simon") caused the quitclaim deed relating to the October 10, 2008 LCY Series Homes Transfer to be recorded. Ex. G.

COMPLAINT – Page 8

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.23 Sometime prior to the October 10, 2008 LCY Series Homes Transfer, Mastro's bankruptcy counsel introduced Mastro to Mary Simon ("Simon"). Simon is a principal of Vigal & Simon.

4.24 At the first meeting of creditors in the above-captioned bankruptcy ("341 Meeting"), Defendant Mastro testified that he had met with Simon about a dozen times.

4.25 According to its website, Vigal & Simon provides, among other things, asset protection planning services. The Vigal & Simon website further provides as follows:

> The principals of Vigal & Simon are on the board of directors of Compass Trust Corporation and Compass Group Corporate Services in Belize City, Belize. All your interests in Belize, whether tourism, real estate or other investments, retirement or asset protection, can be handled through our office.

Ex. J.

4.26 Simon holds herself out as a specialist in protecting assets.

4.27 Attached hereto as Exhibit K is an article entitled " STP Business Alert No. 3" which appears on the Specialty Technical Publishers website (STPUB.com). In the article, Simon describes the following way of protecting assets:

> First, create a Delaware series LLC and then hold the membership in each series through a Belize asset protection trust. This structure imports the most protective laws for asset protection from the most effective jurisdictions. There is no waiting period for the structure to become effective. In a tax neutral structure you are still deemed the tax owner of the assets, so there is no concern for how this impacts the IRS.

4.28 Apparently in furtherance of the strategy Simon had described in the STP Business Alert No. 3 article, Simon drafted certain documents for Mastro.

4.29 From documents obtained by the Trustee, it appears that Defendant LCY, LLC, a Delaware limited liability company, was formed on or about October 10, 2008. Ex. L.

COMPLAINT – Page 9

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1      4.30   According to the LCY, LLC Operating Agreement dated October 10, 2008 and,

2  according to documents provided to the Trustee, at the time of its formation, LCY, LLC's sole

3  member was LCY Trust, acting through Compass Trust Corporation, as trustee.  Ex. L.

4      4.31   William Vigal, a principal of Vigal & Simon, executed LCY, LLC Operating

5  Agreement on behalf of Compass Trust Corporation, as trustee of the LCY Trust.  Id.

6      4.32   According to the Declaration of Trust, the LCY Trust was created on October 10, 2008,

7  by Compass Trust Corporation, a corporation of unknown origin.  Ex. M.  Compass Trust Corporation

8  is referred to on the Vigal & Simon website and uses an address in Belize City, Territory of Belize.

9  Ex. N.

10      4.33   LCY, LLC – Series Homes, to which the Mastro Medina Residence was transferred

11  pursuant to the October 10, 2008 LCY Series Homes Transfer, was created on or about October 10,

12  2008, the same date that the LCY, LLC and the LCY Trust were created.  Ex. N.

13      4.34   Defendant LCY, LLC – Series Jewelry was created on or about October 10, 2008, the

14  same date that the LCY, LLC and the LCY trust were created.  Ex. O.

15      4.35   Defendant LCY, LLC – Series Automobiles was created on or about October 10, 2008,

16  the same date that the LCY, LLC and the LCY trust were created.  Ex. P.

17      4.36   LLC – Series Homes, Series Jewelry and Series Automobiles were created pursuant to

18  the LCY, LLC Operating Agreement.

19      4.37   The sole member of each Series is also the LCY Trust and each Series is governed by

20  the provisions of the LCY, LLC Operating Agreement.

21      4.38   As the sole member, the LCY Trust has total control over LCY, LLC and the LCY,

22  LLCY – Series Homes and thus total control over the Mastro Medina Residence.

23

COMPLAINT – Page 10

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.39    Compass Trust Corporation ("LCY Trustee") is named as the trustee of the LCY Trust, however, every power granted to the LCY Trustee is qualified by requiring the consent of the "Protector" before the LCY Trustee can exercise such power.

4.40    The Protector under the LCY Trust is an entity with the name of Compass SA.

4.41    On October 10, 2009, Compass SA appointed Mastro to act as the Advisory Committee for the Protector. Ex. Q.

4.42    In his capacity as Advisory Committee for the Protector under the LCY Trust, Mastro has the right to veto any actions proposed to be taken by the Protector if it deems them "detrimental to the best interests of the trust." Id.

4.43    The stated purpose of the LCY Trust is to assure that the trust assets are available for the use of Mastro and Linda Mastro.

4.44    The asset of the LCY Trust is the 100% interest in LCY, LLC which, in turn, through the Series, holds the Mastro Medina Residence, the Mastro Jewelry (defined below) and the Mastro Rolls Royce (defined below).

4.45    Mastro and Linda Mastro were the managers of both the LCY, LLC and the LCY, LLC - Series Homes at their inception.

4.46    On May 15, 1009, Compass Trust Corporation removed the Mastros as managers. This action would have had to have the approval of Mastro, as advisor to the Protector of the LCY Trust.

**Transfer of Mastro Jewelry and Mastro Rolls Royce to LCY, LLC Series**

4.47    At or about the same time of the transfer of the October 10, 2008 LCY Series Homes Transfer of the Mastro Medina Residence, Mastro and Linda Mastro, caused jewelry (the "Mastro Jewelry"), including the following, to be transferred into the LCY, LLC- Series Jewelry ("Mastro Jewelry Transfer"):

COMPLAINT – Page 11

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1      a.      One platinum ring with 27.80 carat pear shape diamond;

2      b.      One 14 karat white gold ring with 15.93 carat round diamond;

3      c.      One 18 karat yellow gold diamond solitaire ring with one 14.17 carat round diamond;

4

5      d.      One 18 karat yellow gold ring with one 9.68 carat diamond;

6      e.      One 18 karat yellow gold ring with two rows of seven diamonds, two rows of five diamonds and two rows of three diamonds;

7      f.      Two 2.5 carat earrings; and

8      g.      One ring with one 10.25 carat diamond

9 Ex. R.

10      4.48     Mastro and Linda Mastro both executed an assignment purporting to transfer the Matro

11 Jewelry to LCY LLC – Series Jewelry.

12      4.49     At or about the same time of the transfer of the October 10, 2008 LCY Series Homes

13 Transfer of the Mastro Medina Residence and the Mastro Jewelry Transfer, Defendant Linda Mastro,

14 who had been placed on title of the marital community's 2008 Rolls Royce automobile ("Mastro Rolls

15 Royce") purported to transfer the Mastro Rolls Royce to LCY, LLC – Series Automobiles on October

16 10, 2008 ("Mastro Rolls Royce Transfer"). Exs. S1 and S2.

17

18      4.50     By Letter of Acceptance dated October 10, 2008, Mastro, as manager of LCY, LLC –

19 Series Automobiles, accepted the gift of the Mastro Rolls Royce purportedly transferred. Ex. T.

20      4.51     At the 341 Meeting, Mastro testified that his estimate was that had purchased the

21 Mastro Rolls Royce for $400,000. Records obtained by the Trustee indicate that the Mastro Rolls

22 Royce is a 2008 model. Ex. U.

23

COMPLAINT – Page 12

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.52    As its sole member, the LCY Trust has total control over LCY, LLC; LCY, LLC –
Series Jewelry; and LCY, LLC – Series Automobiles, and thus total control over the Mastro Jewelry
and the Mastro Rolls Royce.

4.53    Mastro and Linda Mastro were the managers of the LCY, LLC, the LCY, LLC - Series
Jewelry and the LCY, LLC Series Automobiles at their inception.

4.54    On May 15, Compass Trust Corporation purportedly removed the Mastros as managers
of the LCY, LLC and each series. These actions required the approval of Mastro, as advisor to the
Protector of the LCY Trust. Ex. V.

**Purported Grant of Deed of Trust to Concept Dorssers**

4.55    The Trustee further seeks to avoid transfers in the form of deeds of trust which
Defendants Mastro, Linda Mastro and/or Michael R. Mastro caused to be placed upon the Mastro
Residence on or about February 20, 2009 and May 18, 2009, respectively.

4.56    These deeds of trust are in favor of Defendant Dorssers ("Dorssers Deed of Trust") and
Defendant Foundation ("Foundation Deed of Trust").

4.57    After the Mastro Medina Residence had been transferred to LCY, LLC – Series
Homes, Mastro and Linda Mastro, in their capacity as managing members, purported to grant a deed
of trust on the Mastro Medina Residence to Dorssers ("Mastro-Dorssers Deed of Trust"). Ex. W.

4.58    The Mastro-Dorssers Deed of Trust states that its purpose is to secure "payment of
Twelve Million and No/100 Dollars ($12,000,000.00) with interest thereon and all other amounts
payable according to the terms of a commercial promissory note of even date herewith made by
Grantor, payable to Beneficiary or order, and any and all extensions, renewals, modifications or
replacements thereof, whether the same be in greater or lesser amounts (the 'Note')." Ex. X.

COMPLAINT – Page 13

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1      4.59    No note has been provided to the Trustee in connection with the Mastro-Dorssers Deed

2  of Trust.

3      4.60    Dorssers was not and is not a creditor of LCY, LLC or LCY, LLC Series Homes.

4

5      4.61    Dorssers gave no consideration to LCY, LLC or LCY, LLC Series Homes in exchange

   for the Mastro-Dorssers Deed of Trust.

6

7      4.62    At the 341 meeting, Mastro testified that the Mastro-Dorssers Deed of Trust was

8  granted to secure his obligations to his "friends and family" creditors.

9      4.63    A document provided to the Trustee by Mastro's counsel indicates that, the scheme

10 behind the Mastro-Dorssers Deed of Trust was an attempt to secure Mastro's purported, pre-existing

11 obligations to a select few of Mastro's business acquaintances as follows:

12

| Asserted Creditor | Asserted Outstanding Loan |
|---|---|
| Concept Dorssers | $ 1,305,580.39 |
| Richard L. Bingham | $   142,647.42 |
| Danielle Smith | $    75,156.74 |
| Daniel Kirby | $    33,434.47 |
| Scott Switzer | $   138,286.54 |
| John J. Durst Living Trust | $   301,890.61 |
| Durst Living Trust | $ 1,340,574.31 |
| Terry Durst | $10,739,899.06 |

13

14

15

16

17

18 Ex. X.

19     4.64    On September 8, 2009, subsequent to the entry of the Order for Relief in the above-

20 captioned bankruptcy, Dorssers caused its counsel to issue a Notice of Default ("Dorssers Default

21 Notice") in preparation for foreclosing on the Mastro-Dorssers Deed of Trust.  Ex. Y.

22     4.65    The Dorssers Default Notice refers to a non-existent underlying loan.

23

COMPLAINT – Page 14

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.66    The Dorssers Default Notice is addressed to LCY, LLC-Series Homes and to Defendant Linda Mastro but does not include Mastro.

4.67    The Trustee asserts that the Concept Dorssers Deed of Trust to hinder, delay and defraud creditors of Mastro.

### Purported Grant of Deed of Trust in Favor of Foundation.

4.68    On or about May 18, 2009, a Deed of Trust with respect to the Mastro Medina Residence was recorded in favor of Foundation ("Mastro-Foundation Deed of Trust").  Ex. Z.

4.69    The Mastro-Foundation Deed of Trust states that its purpose is to secure a $3,000,000 loan to LCY, LLC – Series Homes.

4.70    Foundation Management Inc. is closely related to Ken Sato ("Sato").

4.71    On information and belief, Sato is a long-time business associate of Mastro.

4.72    Pursuant to Mastro's testimony at the first meeting of creditors, the obligation underlying the Mastro-Foundation Deed of Trust is only $100,000 in amount.

4.73    The granting of the Mastro-Foundation Deed of Trust violates the articles of LCY, LLC-Series Homes.

4.74    The Mastro-Foundation Deed of Trust does not secure a valid and existing obligation.

4.75    The Trustee alleges that the Mastro-Foundation Deed of Trust was granted and recorded with an intent to hinder, delay or defraud creditors.

COMPLAINT – Page 15

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# V. FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND RCW 19.40 - JUNE 9, 2008 TRANSFER OF THE MEDINA RESIDENCE

5.1     Paragraphs I - III and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

5.2     Mastro and Linda Mastro made the June 9, 2008 transfer which is avoidable pursuant to RCW 19.40.010 et. seq.

5.3     The June 9, 2008 Transfer by Mastro and Linda Mastro to the Mastro Revocable Living Trust was made with actual intent to hinder, delay or defraud creditors of Mastro.

5.4     The June 9, 2008 Transfer by Mastro and Linda Mastro to the Mastro Revocable Living Trust was made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

5.5     At the time of the June 9, 2008 transfer by Mastro and Linda Mastro to the Mastro Revocable Living Trust, the Debtor was engaged in or was about to engage in business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

5.6     At the time of the June 9, 2008 Transfer by Mastro and Linda Mastro to the Mastro Revocable Living Trust, the Debtor intended to occur or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

5.7     The June 9, 2008 Transfer by Mastro and Linda Mastro to the Mastro Revocable Living Trust was not made in exchange for reasonably equivalent value.

5.8     Mastro was insolvent on the date of the June 9, 2008 Transfer by Mastro and Linda Mastro to the Mastro Revocable Living Trust. Alternatively, the Debtor became insolvent as a result of the June 9, 2008 Transfer.

COMPLAINT – Page 16

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## VI. FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548
## JUNE 9, 2008 TRANSFER OF MASTRO MEDINA RESIDENCE

6.1    Paragraphs I through IV and all subsections thereof are hereby repeated and incorporated as though set forth herein.

6.2    Within two years of the filing of the bankruptcy petition herein, and while the Debtor was insolvent, Mastro and Linda Mastro made or caused to be made the June 9, 2008 Transfer to the Mastro Revocable Living Trust.

6.3    The June 9, 2008 Transfer was a transfer of an interest in property of the Debtor.

6.4    The Debtor did not receive reasonably equivalent value for the June 9, 2008.

6.5    The Debtor was insolvent on the date of the June 9, 2008 Transfer. Alternatively, the Debtor became insolvent as a result of the June 9, 2008 Transfer.

6.6    Mastro and Linda Mastro made or caused the June 9, 2008 Transfer to be made with actual intent to hinder, delay and defraud creditors to whom the Debtor was indebted on or after the date of the transfers.

6.7    The June 9, 2008 Transfer is avoidable pursuant to 11 U.S.C. §548 as it was a) made with actual intent to hinder, delay or defraud creditors to whom the Debtor was indebted on or after the date of the transfer; or b) the Debtor received less than reasonable equivalent value in exchange for the transfer and the Debtor (i) was insolvent at the time of the transfer or became insolvent as a result of the transfer; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; (iii) intended to incur, or believed that he would incur, debts beyond the Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an insider.

COMPLAINT – Page 17

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## VII.   FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND RCW 19.40 – AUGUST 22, 2008 TRANSFER OF MEDINA RESIDENCE

7.1    Paragraphs I - V and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

7.2    Mastro and Linda Mastro transferred or caused to be made the August 22, 2008 Transfer which is avoidable pursuant to RCW 19.40.010 et. seq.

7.3    The August 22, 2008 Transfer made or caused to be made by Mastro and Linda Mastro to Mastro and Michael K. Mastro as co-trusees of the Mastro Irrevocable Trust was made with actual intent to hinder, delay or defraud creditors of Mastro.

7.4    The August 22, 2008 Transfer made or caused to be made by Mastro and Linda Mastro to Mastro and Michael K. Mastro as co-trustees of the Mastro Irrevocable Trust was made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

7.5    At the time of the August 22, 2008 Transfer made or caused to be made by Mastro and Linda Mastro to Mastro and Michael K. Mastro as co-trustees of the Mastro Irrevocable Trust, the Debtor was engaged in or was about to engage in business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

7.6    At the time of the August 22, 2008 Transfer made or caused to be made by Mastro and Linda Mastro to Mastro and Michael K. Mastro as co-trustees of the Mastro Irrevocable Trust, the Debtor intended to occur or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

7.7    The August 22, 2008 Transfer made or caused to be made by Mastro and Linda Mastro to Mastro and Michael K. Mastro as co-trustees of the Mastro Irrevocable Trust was not made in exchange for reasonably equivalent value.

COMPLAINT – Page 18

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    7.8    Mastro was insolvent on the date of the August 22, 2008 Transfer made or caused to be

2    made by Mastro and Linda Mastro to Mastro and Michael K. Mastro as co-trustees of the Mastro

3    Irrevocable Trust. Alternatively, the Debtor became insolvent as a result of the August 22, 2008

4    Transfer.

## VIII.    FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548
5    ## AUGUST 22, 2008 TRANSFER OF MASTRO MEDINA RESIDENCE

6    8.1    Paragraphs I through VI and all subsections thereof are hereby repeated and

7    incorporated as though set forth herein.

8    8.2    Within two years of the filing of the bankruptcy petition herein, and while the Debtor

9    was insolvent, Mastro and Linda Mastro made or caused to be made the August 22, 2008 Transfer to

10   Mastro and Michael K. Mastro as co-trustees of the Mastro Irrevocable Trust.

11   8.3    The August 22, 2008 Transfer was a transfer of an interest in property of the Debtor.

12   8.4    The Debtor did not receive reasonably equivalent value for the August 22, 2008

13   Transfer.

14   8.5    The Debtor was insolvent on the date of the August 22, 2008 Transfer. Alternatively,

15   the Debtor became insolvent as a result of the August 22, 2008 Transfer.

16   8.6    Mastro and Linda Mastro made or caused the August 22, 2008 Transfer to be made

17   with actual intent to hinder, delay and defraud creditors to whom the Debtor was indebted on or after

18   the date of the transfers.

19   8.7    The August 22, 2008 Transfer is avoidable pursuant to 11 U.S.C. §548 as it was a)

20   made with actual intent to hinder, delay or defraud creditors to whom the Debtor was indebted on or

21   after the date of the transfer; or b) the Debtor received less than reasonable equivalent value in

22   exchange for the transfer and the Debtor (i) was insolvent at the time of the transfer or became

23   insolvent as a result of the transfer; (ii) was engaged in business or a transaction, or was about to

COMPLAINT – Page 19

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; (iii) intended to incur, or believed that he would incur, debts beyond the Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an insider.

## IX.   FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND RCW 19.40 – OCTOBER 10, 2008 LCY SERIES HOMES TRANSFER – MASTRO MEDINA RESIDENCE

9.1    Paragraphs I - VII and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

9.2    Defendants Mastro, Linda Mastro and/or Michael K. Mastro made or caused to be made the October 10, 2008 LCY Series Homes Transfer which is avoidable pursuant to RCW 19.40.010 et. seq.

9.3    The October 10, 2008 LCY Series Homes Transfer made or caused to be made by Mastro, Linda Mastro and/or Michael K. Mastro was made with actual intent to hinder, delay or defraud creditors of Mastro.

9.4    The October 10, 2008 LCY Series Homes Transfer made or caused to be made by Mastro, Linda Mastro and/or Michael K. Mastro was made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

9.5    At the time of the October 10, 2008 LCY Series Homes Transfer made or caused to be made by Mastro, Linda Mastro and/or Michael K. Mastro, the Debtor was engaged in or was about to engage in business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

COMPLAINT – Page 20

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    9.6    At the time of the October 10, 2008 LCY Series Homes Transfer made or caused to be

2    made by Mastro, Linda Mastro and/or Michael K. Mastro, the Debtor intended to occur or reasonably

3    should have believed that he would incur debts beyond his ability to pay as they became due.

4    9.7    The October 10, 2008 LCY Series Homes Transfer made or caused to be made by

5    Mastro, Linda Mastro and/or Michael K. Mastro was not made in exchange for reasonably equivalent

6    value.

7    9.8    Mastro was insolvent on the date of the October 10, 2008 LCY Series Homes Transfer

8    made or caused to be made by Mastro, Linda Mastro and/or Michael K. Mastro. Alternatively, the

9    Debtor became insolvent as a result of the October 10, 2008 LCY Series Homes Transfer.

10    ## X.    FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548 –

11    **OCTOBER 10, 2008 LCY SERIES HOMES TRANSFER – MASTRO MEDINA RESIDENCE**

12    10.1    Paragraphs I through VIII and all subsections thereof are hereby repeated and

13    incorporated as though set forth herein.

14    10.2    Within two years of the filing of the bankruptcy petition herein, and while the Debtor

15    was insolvent, Mastro, Linda Mastro and/or Michael K. Mastro made or caused to be made the

16    October 10, 2008 LCY Series Homes Transfer.

17    10.3    The October 10, 2008 LCY Series Home Transfer was a transfer of an interest of the

18    Debtor in property.

19    10.4    The Debtor did not receive reasonably equivalent value in exchange for the October 10,

20    2008 LCY Series Homes Transfer.

21    10.5    The Debtor was insolvent on the date of the October 10, 2008 LCY Series Homes

22    Transfer. Alternatively, the Debtor became insolvent as a result of the October 10, 2008 LCY Series

23    Homes Transfer.

COMPLAINT – Page 21

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    10.6    Mastro, Linda Mastro and/or Michael K. Mastro made or caused the October 10, 2008

2    LCY Series Homes Transfer to be made with actual intent to hinder, delay and defraud creditors to

3    whom the Debtor was indebted on or after the date of the transfers.

4    10.7    The October 10, 2008 LCY Series Homes Transfer is avoidable pursuant to 11 U.S.C.

5    §548 as it was a) made with actual intent to hinder, delay or defraud creditors to whom the Debtor was

6    indebted on or after the date of the transfers; or b) the Debtor received less than reasonable equivalent

7    value in exchange for the transfer and the Debtor (i) was insolvent at the time of the transfer or

8    became insolvent as a result of the transfer; (ii) was engaged in business or a transaction, or was about

9    to engage in business or a transaction, for which any property remaining with the Debtor was an

10    unreasonably small capital; (iii) intended to incur, or believed that he would incur, debts beyond the

11    Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an

12    insider.

13    **XI.    FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND RCW 19.40**
**MASTRO JEWELRY TRANSFER**
14

15    11.1    Paragraphs I - IX and all subsections thereof are hereby repeated and incorporated as

16    though fully set forth herein.

17    11.2    Mastro and Linda Mastro transferred or caused to be made the Mastro Jewelry Transfer

18    which is avoidable pursuant to RCW 19.40.010 et. seq.

19    11.3    The Mastro Jewelry Transfer made or caused to be made by Mastro and Linda Mastro

20    to the LCY, LLC – Series Jewelry was made with actual intent to hinder, delay or defraud creditors of

21    Mastro.

22

23

COMPLAINT – Page 22

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    11.4    The Mastro Jewelry Transfer made or caused to be made by Mastro and Linda Mastro

2    to LCY, LLC – Series Jewelry was made without the Debtor receiving reasonably equivalent value in

3    exchange for the transfer.

4    11.5    At the time of the Mastro Jewelry Transfer made or caused to be made by Mastro and

5    Linda Mastro to LCY, LLC – Series Jewelry, the Debtor was engaged in or was about to engage in

6    business for which the remaining assets of the Debtor were unreasonably small in relation to the

7    business or transactions.

8    11.6    At the time of the Mastro Jewelry Transfer made or caused to be made by Mastro and

9    Linda Mastro to LCY, LLC – Series Jewelry, the Debtor intended to occur or reasonably should have

10    believed that he would incur debts beyond his ability to pay as they became due.

11    11.7    The Mastro Jewelry Transfer made or caused to be made by Mastro and Linda Mastro

12    to LCY, LLC – Series Jewelry was not made in exchange for reasonably equivalent value.

13    11.8    Mastro was insolvent on the date of the Mastro Jewelry Transfer. Alternatively, the

14    Debtor became insolvent as a result of the Mastro Jewelry Transfer.

15    **XII.    FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548**
     **MASTRO JEWELRY TRANSFER**
16

17    12.1    Paragraphs I through X and all subsections thereof are hereby repeated and

18    incorporated as though set forth herein.

19    12.2    Within two years of the filing of the bankruptcy petition herein, and while the Debtor

20    was insolvent, Mastro and Linda Mastro made or caused to be made the Mastro Jewelry Transfer.

21    12.3    The Mastro Jewelry Transfer was a transfer of an interest of the Debtor in property.

22    12.4    The Debtor did not receive reasonably equivalent value in exchange for the Mastro

23    Jewelry Transfer.

COMPLAINT – Page 23

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

12.5    The Debtor was insolvent on the date of the Mastro Jewelry Transfer. Alternatively, the Debtor became insolvent as a result of the Mastro Jewelry Transfer.

12.6    Mastro and Linda Mastro made or caused the Mastro Jewelry Transfer to be made with actual intent to hinder, delay and defraud creditors to whom the Debtor was indebted on or after the date of the transfers.

12.7    The Mastro Jewelry Transfer is avoidable pursuant to 11 U.S.C. §548 as it was a) made with actual intent to hinder, delay or defraud creditors to whom the Debtor was indebted on or after the date of the transfers; or b) the Debtor received less than reasonable equivalent value in exchange for the transfer and the Debtor (i) was insolvent at the time of the transfer or became insolvent as a result of the transfer; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; (iii) intended to incur, or believed that he would incur, debts beyond the Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an insider.

## XIII.    FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND RCW 19.40 – MASTRO ROLLS ROYCE TRANSFER

13.1    Paragraphs I - XI and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

13.2    Mastro and Linda Mastro transferred or caused to be made the Mastro Rolls Royce Transfer which is avoidable pursuant to RCW 19.40.010 et. seq.

13.3    The Mastro Rolls Royce Transfer made or caused to be made by Mastro and Linda Mastro to the LCY, LLC – Series Jewelry was made with actual intent to hinder, delay or defraud creditors of Mastro.

COMPLAINT – Page 24

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1      13.4     The Mastro Rolls Royce Transfer made or caused to be made by Mastro and Linda

2 Mastro to LCY, LLC – Series Jewelry was made without the Debtor receiving reasonably equivalent

3 value in exchange for the transfer.

4      13.5     At the time of the Mastro Rolls Royce Transfer made or caused to be made by Mastro

5 and Linda Mastro to LCY, LLC – Series Jewelry, the Debtor was engaged in or was about to engage

6 in business for which the remaining assets of the Debtor were unreasonably small in relation to the

7 business or transactions.

8      13.6     At the time of the Mastro Rolls Royce Transfer made or caused to be made by Mastro

9 and Linda Mastro to LCY, LLC – Series Jewelry, the Debtor intended to occur or reasonably should

10 have believed that he would incur debts beyond his ability to pay as they became due.

11      13.7     The Mastro Rolls Royce Transfer made or caused to be made by Mastro and Linda

12 Mastro to LCY, LLC – Series Jewelry was not made in exchange for reasonably equivalent value.

13      13.8     Mastro was insolvent on the date of the Mastro Rolls Royce Transfer. Alternatively,

14 the Debtor became insolvent as a result of the Mastro Rolls Royce Transfer.

15

16   **XIV.   FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548 – MASTRO ROLLS ROYCE TRANSFER**

17      14.1     Paragraphs I through XII and all subsections thereof are hereby repeated and

18 incorporated as though set forth herein.

19      14.2     Within two years of the filing of the bankruptcy petition herein, and while the Debtor

20 was insolvent, Mastro and Linda Mastro made or caused to be made the Mastro Rolls Royce Transfer.

21      14.3     The Mastro Rolls Royce Transfer was a transfer of an interest of the Debtor in

22 property.

23

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

14.4   The Debtor did not receive reasonably equivalent value in exchange for the Mastro Rolls Royce Transfer.

14.5   The Debtor was insolvent on the date of the Mastro Rolls Royce Transfer. Alternatively, the Debtor became insolvent as a result of the Mastro Rolls Royce Transfer.

14.6   Mastro and Linda Mastro made or caused the Mastro Rolls Royce Transfer to be made with actual intent to hinder, delay and defraud creditors to whom the Debtor was indebted on or after the date of the transfers.

14.7   The Mastro Rolls Royce Transfer is avoidable pursuant to 11 U.S.C. §548 as it was a) made with actual intent to hinder, delay or defraud creditors to whom the Debtor was indebted on or after the date of the transfers; or b) the Debtor received less than reasonable equivalent value in exchange for the transfer and the Debtor (i) was insolvent at the time of the transfer or became insolvent as a result of the transfer; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; (iii) intended to incur, or believed that he would incur, debts beyond the Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an insider.

## XV.   FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND RCW 19.40 MASTRO-DORSSERS DEED OF TRUST ON MEDINA RESIDENCE

15.1   Paragraphs I - VIII and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

15.2   Defendants LCY, LLC- Series Homes, Mastro and Linda Mastro made or caused to be made the Mastro-Dorssers Deed of Trust Transfer which is avoidable pursuant to RCW 19.40.010 et. seq.

COMPLAINT – Page 26

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

15.3    The Mastro-Dorssers Deed of Trust Transfer made or caused to be made by LCY, LLC – Series Homes, Mastro and Linda Mastro was made with actual intent to hinder, delay or defraud creditors of Mastro.

15.4    The Mastro-Dorssers Deed of Trust Transfer made or caused to be made by LCY, LLC – Series Homes, Mastro and Linda Mastro was made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

15.5    At the time of the Mastro-Dorssers Deed of Trust Transfer made or caused to be made by LCY, LLC – Series Homes, Mastro and Linda Mastro, the Debtor was engaged in or was about to engage in business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

15.6    At the time of the Mastro-Dorssers Deed of Trust Transfer made or caused to be made by LCY, LLC – Series Homes, Mastro and Linda Mastro, the Debtor intended to occur or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

15.7    The Mastro-Dorssers Deed of Trust Transfer made or caused to be made by LCY, LLC – Series Homes, Mastro and Linda Mastro was not made in exchange for reasonably equivalent value.

15.8    Mastro was insolvent on the date of the Mastro-Dorssers Deed of Trust Transfer made or caused to be made by LCY, LLC – Series Homes, Mastro and Linda Mastro. Alternatively, the Debtor became insolvent as a result of the Mastro-Dorssers Deed of Trust Transfer.

### XVI.    FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548 MASTRO-DORSSERS DEED OF TRUST ON MASTRO MEDINA RESIDENCE

16.1    Paragraphs I through XIV and all subsections thereof are hereby repeated and incorporated as though set forth herein.

COMPLAINT – Page 27

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    16.2    Within two years of the filing of the bankruptcy petition herein, and while the Debtor

2    was insolvent, LCY, LLC – Series Homes, Mastro and Linda Mastro made or caused to be made the

3    Mastro-Dorssers Deed of Trust Transfer.

4    16.3    The Mastro-Dorssers Deed of Trust Transfer was a transfer of an interest of the Debtor

5    in property.

6    16.4    The Debtor did not receive reasonably equivalent value for the Mastro-Dorssers Deed

7    of Trust Transfer.

8    16.5    The Debtor was insolvent on the date of the Mastro-Dorssers Deed of Trust Transfer.

9    Alternatively, the Debtor became insolvent as a result of the Mastro-Dorssers Deed of Trust Transfer.

10    16.6    LCY, LLC – Series Homes, Mastro and Linda Mastro made or caused the Mastro-

11    Dorssers Deed of Trust Transfer to be made with actual intent to hinder, delay and defraud creditors to

12    whom the Debtor was indebted on or after the date of the transfers.

13    16.7    The Mastro-Dorssers Deed of Trust Transfer is avoidable pursuant to 11 U.S.C. §548

14    as it was a) made with actual intent to hinder, delay or defraud creditors to whom the Debtor was

15    indebted on or after the date of the transfer; or b) the Debtor received less than reasonable equivalent

16    value in exchange for the transfer and the Debtor (i) was insolvent at the time of the transfer or

17    became insolvent as a result of the transfer; (ii) was engaged in business or a transaction, or was about

18    to engage in business or a transaction, for which any property remaining with the Debtor was an

19    unreasonably small capital; (iii) intended to incur, or believed that he would incur, debts beyond the

20    Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an

21    insider.

22

23

COMPLAINT – Page 28

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## XVII. FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND RCW 19.40 MASTRO-FOUNDATION DEED OF TRUST ON MASTRO MEDINA RESIDENCE

17.1    Paragraphs I - XV and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

17.2    Defendants LCY, LLC Series Homes and Mastro and Linda Mastro made or caused to be made the Mastro-Foundation Deed of Trust Transfer which is avoidable pursuant to RCW 19.40.010 et. seq.

17.3    The Mastro-Foundation Deed of Trust Transfer made or caused to be made by LCY, LLC Series Homes and Mastro and Linda Mastro was made with actual intent to hinder, delay or defraud creditors of Mastro.

17.4    The Mastro-Foundation Deed of Trust Transfer made or caused to be made by LCY, LLC Series Homes and Mastro and Linda Mastro was made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

17.5    At the time of the Mastro-Foundation Deed of Trust Transfer made or caused to be made by LCY, LLC Series Homes and Mastro and Linda Mastro, the Debtor was engaged in or was about to engage in business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

17.6    At the time of the Mastro-Foundation Deed of Trust Transfer made or caused to be made by LCY, LLC Series Homes and Mastro and Linda Mastro, the Debtor intended to occur or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

COMPLAINT – Page 29

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

17.7     The Mastro-Foundation Deed of Trust Transfer made or caused to be made by LCY, LLC Series Homes and Mastro and Linda Mastro was not made in exchange for reasonably equivalent value.

17.8     Mastro was insolvent on the date of the Mastro-Foundation Deed of Trust Transfer made or caused to be made by LCY, LLC Series Homes and Mastro and Linda Mastro. Alternatively, the Debtor became insolvent as a result of the Mastro-Foundation Deed of Trust Transfer.

## XVIII. FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548
## MASTRO-FOUNDATION DEED OF TRUST – MASTRO MEDINA RESIDENCE

18.1     Paragraphs I through XVI and all subsections thereof are hereby repeated and incorporated as though set forth herein.

18.2     Within two years of the filing of the bankruptcy petition herein, and while the Debtor was insolvent, LCY, LLC Series Homes and Mastro and Linda Mastro made or caused to be made the Mastro-Foundation Deed of Trust Transfer.

18.3     The Mastro-Foundation Deed of Trust Transfer was a transfer of an interest of the Debtor in property.

18.4     The Debtor did not receive reasonably equivalent value for the Mastro-Foundation Deed of Trust Transfer.

18.5     The Debtor was insolvent on the date of the Mastro-Foundation Deed of Trust Transfer. Alternatively, the Debtor became insolvent as a result of the Mastro-Foundation Deed of Trust Transfer.

COMPLAINT – Page 30

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    18.6    LCY, LLC Series Homes and Mastro and Linda Mastro made or caused the Mastro-

2    Foundation Deed of Trust Transfer to be made with actual intent to hinder, delay and defraud creditors

3    to whom the Debtor was indebted on or after the date of the transfers.

4    18.7    The Mastro-Foundation Deed of Trust Transfer is avoidable pursuant to 11 U.S.C.

5    §548 as it was a) made with actual intent to hinder, delay or defraud creditors to whom the Debtor was

6    indebted on or after the date of the transfer; or b) the Debtor received less than reasonable equivalent

7    value in exchange for the transfer and the Debtor (i) was insolvent at the time of the transfer or

8    became insolvent as a result of the transfer; (ii) was engaged in business or a transaction, or was about

9    to engage in business or a transaction, for which any property remaining with the Debtor was an

10    unreasonably small capital; (iii) intended to incur, or believed that he would incur, debts beyond the

11    Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an

12    insider.

13                            XIX.    ACTION TO QUIET TITLE
                                MASTRO MEDINA RESIDENCE
14

15    19.1    Paragraphs I through XVII and all subsections thereof are hereby repeated and

16    incorporated as though set forth herein.

17    19.2    Mastro, the Mastro Revocable Living Trust, the Mastro Irrevocable Trust, LCY, LLC,

18    LCY, LLC, LCY Trust, Dorssers, Foundation and/or any of the other Defendants herein may claim an

19    interest in the Mastro Medina Residence adverse to the Trustee. However, any claim or claims of any

20    of such Defendants is without any right whatsoever, and the Defendants have no legal or equitable

21    right, claim, or interest in the Mastro Medina Residence.

22    19.3    The Trustee, therefore, seeks a declaration that the title to the Mastro Medina

23    Residence is vested in the Trustee alone and that any and all of the Defendants herein be declared to

COMPLAINT – Page 31

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

have no estate, right, title or interest in the Mastro Medina Residence and that each of the Defendants

be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to

plaintiff herein.

## XX.    INJUNCTIVE RELIEF

20.1    Paragraphs I through XIII and all subsections thereof are hereby repeated and

incorporated as though set forth herein.

20.2    Mastro has transferred or caused to be transferred substantial amounts of property of

the estate into LCY, LLC – Series Home; LCY, LLC – Series Automobiles; and LCY, LLC – Series

Jewelry.

20.3    The LCY, LLCs are purportedly under control of a third party or third parties.

20.4    Any and all parties should be restrained from 1) exercising any possession, dominion

or control over or 2) attempting in any way to gain possession dominion or control of any of the assets

transferred or purportedly transferred to LCY, LLC – Series Home; LCY, LLC – Series Automobiles;

and LCY, LLC – Series Jewelry until such time a determination is made on the merits of this

complaint and the ownership of the property that is the subject of this Complaint.

## XXI.    PRESERVATION OF AVOIDED TRANSFERS

21.1    Paragraphs I through XVIII above and all subsections thereof are hereby repeated and

incorporated as though fully set forth herein.

21.2    Any and all transfers avoided under the claims for relief set forth in Paragraphs I-

XVIII, above, are preserved for the benefit of the estate pursuant to 11 U.S.C. §551.

COMPLAINT – Page 32

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## XXII. RESERVATION OF RIGHT TO ADD ADDITIONAL DEFENDANTS

22.1    Paragraphs I through XX above and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

22.2    If, in the conducting of discovery with respect to the fraudulent transfers asserted herein, it becomes evident that other parties, in addition to the existing Defendants, conspired in these fraudulent conveyances, the Trustee reserves the right to add those parties as defendants.

## XXIII. PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for the following relief:

23.1    That the Court determine the transfers of the debtors residence, legally described in Exhibit A, by the Debtor to defendants the Mastro Revocable Lilving Trust, the Mastro Irrevocable Trust, and LCY, LLC - Series Home constitute fraudulent transfers pursuant to 11 U.S.C. 548 and/or RCW 19.40 et.seq.

23.2    That the Court determine the granting of the Mastro-Concept Dorssers Deed of Trust constitutes an avoidable fraudulent transfer pursuant to 11 U.S.C. 548 and/or RCW 19.40 et.seq.

23.3    That the Court determine the granting of the Foundation Deed of Trust constitutes an avoidable fraudulent transfer pursuant to 11 U.S.C. 548 and/or RCW 19.40 et.seq.

23.4    That the Court determine the Mastro Jewelry Transfer constitutes a fraudulent transfer pursuant to 11 U.S.C. 548 and/or RCW 19.40 et.seq.

23.5    That the Court determine the Mastro Rolls Royce Transfer constitutes a fraudulent transfer pursuant to 11 U.S.C. 548 and/or RCW 19.40 et.seq.

23.6    That the Court enter a judgment against Linda A. Mastro for damages as determined by the Court for her cooperation and participation in fraudulently transferring the Mastro Medina

COMPLAINT – Page 33

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1  Residence, the Mastro Jewelry and the Mastro Rolls Royce and encumbering the Mastro Medina

2  Residence with the Mastro-Dorssers Deed of Trust and the Mastro-Foundation Deed of Trust.

3       23.7    That the Court enter a judgment against Michael K. Mastro for damages as determined

4  by the Court for his cooperation and participation in the fraudulent transfer of the Mastro Medina

5  Residence;

6       23.8    That the Court enter a judgment quieting title with respect to the Mastro Medina

7  Residence, the Mastro Jewelry and the Mastro Rolls Royce.

8       23.9    That the Court enjoin the all defendants from performing or exercising any acts to

9  interfere with the estate's ownership of the transferred assets, including but not limited to any acts to

10 transfer title to, seek to encumber, and/or seek to foreclose upon the purported secured obligations

11 against any of the transferred assets identified herein.

12      23.10   That the Court preserve all transfers avoided hereunder for the benefit of the estate

13 pursuant to 11 U.S.C. 551.

14      23.10   For such other just and equitable relief as the Court shall deem proper.

15      DATED this 29th day of September, 2009.

16                                          BUSH STROUT & KORNFELD

17

18                                          By _____

19                                            Gayle E. Bush, WSBA #07318
                                             Christine M. Tobin, WSBA #27628
20                                           Attorneys for James Rigby, Chapter 7 Trustee

21

22

23

COMPLAINT -- Page 34

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1709 29001 ui220601