UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

MICHAEL R. MASTRO,

                Debtor.

BANKRUPTCY NO. 09-16841 (Ch. 7)

JAMES F. RIGBY, JR., Trustee, solely in his capacity as Chapter 7 trustee of the bankruptcy estate of Michael R. Mastro,

                Plaintiff,

    v.

MICHAEL R. MASTRO and LINDA A. MASTRO, and their marital community; MICHAEL K. MASTRO and JANE DOE MASTRO; and their marital community; LCY, LLC, a Delaware limited liability corporation; LCY, LLC-SERIES HOME; LCY, LLC-SERIES JEWELRY; LCY, LLC-SERIES AUTOMOBILES; THE LCY TRUST; COMPASS TRUST CORPORATION, a purported Belizean entity; COMPASS S.A.; MASTRO REVOCABLE LIVING TRUST; MASTRO IRREVOCABLE TRUST; CONCEPT DORSSERS, a purported Monaco company; HENDRIK J. DORSSERS; and AVATAR INCOME FUND I LLC, a Delaware limited liability company,

                Defendants.

ADVERSARY NO. 09-01439-SJS

AMENDED COMPLAINT
REGARDING MASTRO TRUSTS

AMENDED COMPLAINT – Page 1

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

JAMES F. RIGBY, JR. ("Trustee"), solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Michael R. Mastro ("Mastro"), by and through his attorneys of record for the benefit of creditors of the above-captioned bankruptcy estate, seeks to avoid the transfer of the Debtor's interest in certain assets within two years prior to the bankruptcy, to quiet title in the estate as to such assets, to obtain appropriate injunctive relief to preserve such assets, and to obtain judgments against parties who have assisted, or benefited from, the wrongful conduct that is the subject of this complaint.

The Trustee alleges:

## I.    INTRODUCTION

1.1     At least 18 months before the Mastro bankruptcy, the real estate market (essential to Mastro's business profitability) experienced a severe and unprecedented downturn.  In the face of the downturn, Mastro took a series of actions designed to place substantial assets beyond the reach of his creditors.  This Amended Complaint is directed to all transactions involving the Mastro Irrevocable Trust, the LCY Trust, and related entities.

1.2     On or about August 21, 2008, Mastro purported to create the "Mastro Irrevocable Trust."  On August 22, 2008, Mastro executed a quitclaim deed conveying his residence and two other homes to the Mastro Irrevocable Trust.  The financial statement for the Mastro Irrevocable Trust shows that the value of the three properties at the time of the transfer was $23.7 million.  The financial statement also shows that the properties were not encumbered by any liabilities.  In the 11 months preceding his bankruptcy, Mastro has purported to exhaust all the assets of the Mastro Irrevocable Trust by engaging in a series of transactions that violate the Mastro Irrevocable Trust Agreement and applicable law.  Mastro's wrongful conduct has been assisted by other persons and entities including, without limitation, defendants named in this Amended Complaint.

AMENDED COMPLAINT – Page 2

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1.3     On or about October 10, 2008, Mastro purported to create an offshore asset protection trust titled "The LCY Trust" using a trustee based in Belize. Mastro engaged in a series of transactions by which he purported to place his residence, valued at $18 million, under the control of the offshore trust. In addition, Mastro purported to place seven pieces of jewelry under the control of the offshore trust. The jewels included, without limitation, two diamonds of approximately 10 carats, a 14.17 carat diamond, a 15.93 carat diamond, and a 27.8 carat diamond. Mastro also purported to place a 2008 Phantom Rolls Royce under the control of the offshore trust.

1.4     Following the formation of the offshore trust, Mastro purported to encumber the Mastros' residence with deeds of trust totaling in excess of $15 million. The deeds of trust were given without consideration, are contrary to the terms of the purported trust, and were intended to hinder, delay or defraud creditors. According to Mastro, all but two of the seven pieces of jewelry that Mastro purported to place under the control of the offshore trust have been traded, lost or stolen.

1.5     The Mastro Irrevocable Trust and the offshore LCY Trust are self-settled trusts and under Washington law may not be used to defeat the claims of creditors. The purported transfers were made without consideration, were unauthorized, and were deficient as a matter of contract law. The purported transfers were made to hinder, delay and defraud Mastro's creditors.

1.6     The Trustee seeks to recover all property that was the subject of the transactions described in this Amended Complaint and to obtain judgment against all defendants who assisted Mastro's wrongful conduct for all losses sustained by the estate.

## II.     JURISDICTION AND VENUE

2.1     This is matter is a core proceeding under 28 U.S.C. §157(b)(2)(B), (C), (E), (H), (K) and (O).

AMENDED COMPLAINT – Page 3

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2.2    This Court has jurisdiction to hear this Amended Complaint pursuant to 28 U.S.C.

§157(a) and (b), 1334(a) and (b), and 11 U.S.C. §§105, 544, 548,  550 and 551.

2.3    This matter has been referred to the Bankruptcy Judges of the District pursuant to

General Rule 7 of the Rules for the United States District Court for the Western District of

Washington.

2.4    Venue is proper under 28 U.S.C. §1409.

### III.    PARTIES

3.1    <u>Debtor</u>.  An involuntary Chapter 7 bankruptcy petition was filed against Michael R.

Mastro ("Mastro" or "Debtor") on July 10, 2009.  On August 21, 2009, the Bankruptcy Court entered

an Order for Relief and Judgment Granting Petition for Involuntary Chapter 7 petition.  On August 20,

2009, Mastro filed a First Amended Answer and Consent to Entry of Order for Relief under Chapter 7

of the Bankruptcy Code and a Second Amended Answer and Consent to Entry of Order for Relief

under Chapter 7 of the Bankruptcy Code.

3.2    <u>Trustee</u>.   James Rigby  ("Rigby" or "Trustee") was appointed Chapter 7 Trustee for

the Mastro estate on August 21, 2009.   The Trustee is authorized to bring this action pursuant to 11

U.S.C. §§105, 544, 548,  550 and 551 and does so solely in his capacity as Trustee for the Mastro

estate.

3.3    <u>Defendant Linda A. Mastro</u>.  Linda A. Mastro is the wife of Michael R. Mastro and

together they form a marital community.  Any acts done by Michael R. Mastro were done for the

benefit of the marital community.  Linda A. Mastro is a resident of the State of Washington.

AMENDED COMPLAINT – Page 4

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

3.4    <u>Defendant Michael K. Mastro</u>.  Michael K. Mastro is the son of Michael R. Mastro and is a resident of the State of Washington.

3.5    <u>Defendant Jane Doe Mastro</u>.  Jane Doe Mastro is the wife of Michael K. Mastro and together they form a marital community.  Any acts done by Michael K. Mastro were done for the benefit of the marital community.  Jane Doe Mastro is a resident of the State of Washington.

3.6    <u>Defendant LCY, LLC</u>.  LCY, LLC is purportedly a Delaware limited liability company established on October 9, 2008.

3.7    <u>Defendant LCY, LLC – Series Home</u>.  LCY, LLC – Series Home is purportedly a series limited liability company organized pursuant to the Limited Liability Company Operating Agreement of LCY LLC and Delaware law.

3.8    <u>Defendant LCY, LLC - Series Jewelry</u>.  LCY, LLC – Series Jewelry is purportedly a series limited liability company organized pursuant to the Limited Liability Company Operating Agreement of LCY LLC and Delaware law.

3.9    <u>Defendant LCY, LLC – Series Automobiles</u>.  LCY, LLC – Series Automobiles is purportedly a series limited liability company organized pursuant to the Limited Liability Company Operating Agreement of LCY LLC and Delaware law.

3.10    <u>Defendant LCY Trust</u>.  The LCY Trust is purportedly a trust created by Michael R. Mastro and Linda A. Mastro for their own benefit.  The LCY Trust purports to be the sole member of LCY, LLC, LCY, LLC – Series Home, LCY, LLC – Series Jewelry, and LCY, LLC – Series Automobiles.  The trustee of The LCY Trust purports to be Compass Trust Corporation, a Belizean entity.

AMENDED COMPLAINT – Page 5

Bush Strout & Kornfeld
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

3.11    Defendant Compass Trust Corporation.  Compass Trust Corporation is purportedly the trustee of The LCY Trust.  The LCY Trust lists the address of Compass Trust Corporation as Belize City in the territory of Belize.

3.12    Defendant Compass S.A.  Compass S.A. purports to be the Protector of The LCY Trust as that term is defined in The LCY Trust.  Compass S.A. purports to be an entity based in Belize, and is owned or controlled by the same persons who own or control Compass Trust Corporation.

3.13    Defendant Mastro Revocable Living Trust.  Mastro Revocable Living Trust is purportedly a trust formed by Michael R. Mastro and Linda A. Mastro on October 2, 2002 ("Mastro Revocable Living Trust").

3.14    Defendant Mastro Irrevocable Trust.  Mastro Irrevocable Trust is purportedly a trust formed pursuant to the Mastro Irrevocable Trust Agreement dated August 21, 2008 between Michael R. Mastro and Linda A. Mastro as grantors, and Michael R. Mastro and Michael K. Mastro as co-trustees ("Mastro Irrevocable Trust").

3.15    Defendant Concept Dorssers.  Concept Dorssers is purportedly a Monaco company used by Hendrik J. Dorssers to do business in the State of Washington.

3.16    Defendant Hendrik J. Dorssers.  Hendrik J. Dorssers is an individual who owns a residence in Redmond, Washington and purports to live in Monaco when he is not residing in Washington.  Mr. Dorssers does business in Washington using the name Concept Dorssers.

3.17    Defendant Avatar Income Fund I LLC.  Avatar Income Fund I LLC is purportedly a Delaware limited liability company with its principal place of business in Seattle, Washington.

AMENDED COMPLAINT – Page 6

Bush Strout & Kornfeld
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# IV.  WRONGFUL CONDUCT

## Mastro's Background

4.1     Mastro is approximately 84 years old and has been engaged in the real estate profession in the Seattle area and surrounding communities for decades.

4.2     Mastro has been a prolific developer with respect to multi-family building lots, multi-family structures, and single-family lots and houses.  Mastro also was a "hard money" lender who secured his loans with real estate or real estate-related collateral.

4.3     By early 2008, well before the month of June, 2008, it was clear to Mastro and others that single family residence development was in catastrophic financial shape on a nation-wide basis and Mastro, as a very large investor in single-family real estate properties, was in deep and inescapable financial trouble.  In addition, the collateral securing Mastro's hard-money loans had decreased substantially in value.

4.4     By June 2008, Mastro's holdings in single-family lots and development real estate were virtually all encumbered and Mastro was forced to pay interest on loans secured by assets which were not salable.  Mastro was losing money and was having to go out of pocket to pay banks and "Friends and Family" creditors.

4.5     Over the years, Mastro has acquired distressed commercial real estate, improved and sold it.

4.6     Mastro was a frequent hard money lender who engaged in numerous lending transactions.  In that role, Mastro has become very experienced with the legal collection process and has observed methods by which debtors attempt to conceal assets from their creditors.

AMENDED COMPLAINT – Page 7

Bush Strout & Kornfeld
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.7 Mastro has also been involved in the construction of commercial real estate.

4.8 Mastro's bankruptcy schedules filed with the Bankruptcy Court on September 9, 2009 ("Schedules") reflect total debt exceeding $570,000,000.

4.9 Many, if not substantially all, of the properties on Mastro's Schedules secure debt exceeding the values attributed to them in the Schedules.

**Mastro Revocable Living Trust**

4.10 On or about October 2, 2002, Michael R. Mastro and Linda A. Mastro, as grantors, and Michael R. Mastro, as Trustee, executed a document titled Mastro Revocable Living Trust Agreement. Ex. A. Under the terms of the Mastro Revocable Living Trust Agreement, the Mastros reserved the right to revoke the agreement or to withdraw any of the property of the trust at any time. The beneficiaries of the Mastro Revocable Living Trust were Michael R. Mastro and Linda A. Mastro.

4.11 The Mastro Revocable Living Trust was a self-settled trust and cannot be used to defeat the claims of Mastro's creditors.

**Mastro Houses**

4.12 <u>Clyde Hill House</u>. On or about December 27, 1993, Michael R. Mastro and Linda A. Mastro acquired a residence located at 2040 89th Avenue NE, Clyde Hill, WA. ("Clyde Hill House"). On or about October 2, 2002, Michael R. Mastro and Linda A. Mastro executed a quitclaim deed conveying the Clyde Hill House to Michael R. Mastro, initial Trustee of the Mastro Revocable Living Trust.

4.13 <u>Medina Residence</u>. On or about July 19, 2006, Michael R. Mastro and Linda A. Mastro acquired a residence located at 3435 Evergreen Point Way, Medina, WA. ("Medina

AMENDED COMPLAINT – Page 8

Bush Strout & Kornfeld
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Residence"). On or about June 9, 2008, Michael R. Mastro and Linda A. Mastro executed a quitclaim deed conveying the Medina Residence to Michael R. Mastro, Trustee of the Mastro Revocable Living Trust. Ex. B.

4.14    Highlands House. On or about July 7, 2008, Michael R. Mastro, Trustee of the Mastro Revocable Living Trust acquired a residence located at 153 NW Highland Drive, Shoreline, WA. ("Highlands House").

**Mastro Irrevocable Trust**

4.15    In August 2008, Mastro was in serious financial trouble. At that time, the Clyde Hill House, the Highlands House and the Medina Residence ("Mastro Houses") were held in the name of the Mastro Revocable Living Trust, were unencumbered, and were available to satisfy Mastro's creditors. Mastro initiated a series of transactions that were intended to place the Mastro Houses beyond the reach of his creditors.

4.16    On or about August 21, 2008, Michael R. Mastro and Linda A. Mastro, as grantors, and Michael R. Mastro and Michael K. Mastro, as Co-Trustees, executed a document titled Mastro Irrevocable Trust Agreement. Ex. C. The beneficiaries of the Mastro Irrevocable Trust are Michael R. Mastro and Linda A. Mastro.

4.17    On or about August 22, 2008, Michael R. Mastro executed a quitclaim deed conveying the Mastro Houses to Michael R. Mastro and Michael K. Mastro, Co-Trustees of the Mastro Irrevocable Trust. Ex. D. The financial statement for the Mastro Irrevocable Trust shows that the Mastro Houses were valued at $23.7 million when they were transferred into the Mastro Irrevocable Trust. Ex. E. The financial statement also shows that the Mastro Houses were not encumbered by any liabilities.

AMENDED COMPLAINT – Page 9

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.18     The Mastro Irrevocable Trust is either invalid or it is a self-settled trust that may not be used to defeat the claims of Mastro's creditors.

4.19     The purpose of the Mastro Irrevocable Trust was to hinder, delay or defraud Mastro's creditors.

4.20     The Trustee is entitled to recover all assets purportedly transferred to and from the Mastro Irrevocable Trust.

**Encumbrances on Assets of the Mastro Irrevocable Trust**

4.21     On or about September 17, 2008, Michael R. Mastro and Michael K. Mastro, Co-Trustees of the Mastro Irrevocable Trust, executed a deed of trust in favor of Avatar Income Fund I ("Avatar") purporting to secure a debt of $3,360,000 loaned by Avatar to the Mastro Irrevocable Trust.  Ex. F.  The Avatar deed of trust applied to the Highlands House and the Clyde Hill House. Mastro has not established that the Mastro Irrevocable Trust received $3,360,000 or any other consideration for the Avatar deed of trust.  Mastro has not accounted for any funds that were paid by Avatar in connection with this transaction.

4.22     On or about October 7, 2008, Michael R. Mastro and Michael K. Mastro, Co-Trustees of the Mastro Irrevocable Trust, executed a deed of trust in favor of Al Monjazeb purporting to secure a debt of $1 million loaned by Mr. Monjazeb to the Mastro Irrevocable Trust.  Ex. G.  The Monjazeb deed of trust applied to the Highlands House and the Clyde Hill House.  Mastro has not established that the Mastro Irrevocable Trust received $1 million or any other consideration for the Monjazeb deed of trust.  Mastro has not accounted for any funds that were paid by Mr. Monjazeb in connection with this transaction.

AMENDED COMPLAINT – Page 10

Bush Strout & Kornfeld
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.23     The purpose of the encumbrances purportedly placed by Mastro on the assets of the Mastro Irrevocable Trust was to hinder, delay or defraud Mastro's creditors.

4.24     The encumbrances purportedly placed by Mastro on the assets of the Mastro Irrevocable Trust are invalid because the Mastro Irrevocable Trust is invalid, because the purported encumbrances violate the terms of the trust agreement, because the encumbrances are fraudulent conveyances, or because they are otherwise deficient.

### The LCY Trust

4.25     Notwithstanding the actions described above, Mastro desired to create additional obstacles to prevent his creditors from reaching his assets. Mastro's bankruptcy counsel referred Mastro to Vigal & Simon, Inc., self-described "asset protection" specialists ("Vigal & Simon").

4.26     Vigal & Simon's website touts its ability to create offshore asset protection trusts. In October 2008, the Vigal & Simon website stated:

> The principals of Vigal & Simon are on the board of directors of Compass Trust Corporation and Compass Group Corporate Services in Belize City, Belize. All your interests in Belize, whether tourism, real estate or other investments, retirement or asset protection, can be handled through our office.

Ex. H.  Vigal & Simon removed the above language from their website after this lawsuit was filed.

4.27     Vigal & Simon promotional materials describe the asset protection scheme that they advocate (and which was used by Mastro):

> First, create a Delaware series LLC and then hold the membership in each series through a Belize asset protection trust. This structure imports the most protective laws for asset protection from the most effective jurisdictions. There is no waiting period for the structure to become effective. In a tax neutral structure you are still deemed the tax owner of the assets, so there is no concern for how this impacts the IRS.

AMENDED COMPLAINT – Page 11

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

"STP Business Alert No. 3" from the Specialty Technical Publishers website (STPUB.com).  Ex. I.

4.28    In October 2008, Vigal & Simon assisted Mastro in forming an offshore asset protection trust based on the Vigal & Simon model described above.  The Mastro offshore trust was named "The LCY Trust."  Ex. J.  Most of the documents relating to The LCY Trust and associated entities are dated October 10, 2008.

4.29    The LCY Trust purports to be the sole member of a series of Delaware limited liability companies named "LCY".  The series includes defendants LCY, LLC, LCY, LLC – Series Home, LCY, LLC – Series Jewelry, and LCY, LLC – Series Automobiles ("LCY Entities").  Exs. K-N. Mastro transferred the Medina Residence into LCY, LLC – Series Home; jewelry into LCY, LLC – Series Jewelry; and a 2008 Phantom Rolls Royce into LCY, LLC – Series Automobiles.  These transfers all purportedly took place on or about October 10, 2008.  None of the LCY Entities provided any consideration for the October 10, 2008 transfers of Mastro assets into those entities.

4.30    By Quit Claim Deed dated October 10, 2008, Michael R. Mastro and Michael K. Mastro, as Co-Trustees of the Mastro Irrevocable Trust, conveyed the Medina Residence into LCY, LLC – Series Home.  Ex. O.

4.31    By Assignment dated October 10, 2008, Michael R. Mastro and Linda A. Mastro transferred the following jewelry to LCY, LLC - Series Jewelry:

> (a)    One platinum ring with 27.80 carat pear shape diamond;
>
> (b)    One 14 karat white gold ring with 15.93 carat round diamond;
>
> (c)    One 18 karat yellow gold diamond solitaire ring with one 14.17 carat round  diamond;
>
> (d)    One 18 karat yellow gold ring with one 9.68 carat diamond;

AMENDED COMPLAINT – Page 12

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(e)     One 18 karat yellow gold ring with two rows of seven diamonds, two rows of five diamonds and two rows of three diamonds;

(f)     Two 2.5 carat earrings; and

(g)     One ring with one 10.25 carat diamond.

Ex. P.

4.32    By Assignment, dated October 10, 2008, and Gift Statement, dated October 10, 2008, Linda A. Mastro conveyed a 2008 Phantom Rolls Royce to LCY, LLC – Series Automobiles. Ex. Q. Michael R. Mastro, as manager of LCY, LLC – Series Automobiles, executed a Letter of Acceptance dated October 10, 2008.

4.33    The declaration of trust for The LCY Trust names Compass Trust Corporation as the Trustee of The LCY Trust. Ex. J.

4.34    The declaration of trust for The LCY Trust names Compass S.A. as the Protector of The LCY Trust. Every power granted to the Trustee of The LCY Trust is qualified by requiring the consent of the "Protector" before the LCY Trustee can exercise such power. Ex. J.

4.35    The formation documents for LCY, LLC name Michael R. Mastro as manager. Ex. K. The formation documents for LCY, LLC – Series Home, LCY, LLC - Series Jewelry and the LCY, LLC Series Automobiles name Michael R. Mastro and Linda A. Mastro as managers of those entities. Exs. L-N.

4.36    On October 10, 2008, Compass S.A. appointed Michael R. Mastro to act as the Advisory Committee for the Protector. Ex. R. In his capacity as Advisory Committee for the Protector, Mastro has the right to veto any actions proposed to be taken by the Protector if he deems them "detrimental to the best interests of the trust." Mastro's veto power over the Protector, which in

AMENDED COMPLAINT – Page 13

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

turn has veto power over the Trustee, provides Mastro with effective control over The LCY Trust and all its assets.

4.37    On May 15, 2009, Compass Trust Corporation purported to remove Michael R. Mastro and Linda A. Mastro as managers of the LCY Entities.  Ex. S.  Mastro could have vetoed this action if he had wanted to remain as manager.  Removal of the trust beneficiary as manager is one of the steps advocated by Vigal & Simon to place a debtor's assets beyond the reach of the Court and the debtor's creditors.

4.38    Notwithstanding the purported removal of the Mastros as managers of the LCY Entities, Mastro retains control over The LCY Trust and all its assets by virtue of his position as the Advisory Committee.  Vigal & Simon, Compass Trust Corporation and Compass S.A. assisted Mastro in exercising control over The LCY Trust and its assets.

4.39    Mastro, with the assistance of other persons and entities, is using assets of the Mastro Irrevocable Trust and The LCY Trust to resist the Trustee's efforts to recover the assets that are the subject of this lawsuit.

4.40    The LCY Trust states that Michael R. Mastro and Linda A. Mastro are the primary beneficiaries.  Other LCY Trust documents state that Michael R. Mastro is the "Ultimate Beneficial Owner" of The LCY Trust.  Ex. T.

4.41    The LCY Trust is either invalid or it is a self-settled trust and may not be used to defeat the claims of creditors.

4.42    The purpose of The LCY Trust is to hinder, delay or defraud Mastro's creditors.  The declaration of trust for The LCY Trust states that the trust is intended to "assure that the assets of this

AMENDED COMPLAINT – Page 14

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

trust are available first for the lifetime use of Michael R. Mastro and Linda A. Mastro and other assets outside of this trust are utilized first to satisfy any outstanding obligations owed to 'Friends and Family'." Ex. J.

4.43    The LCY Trust, Compass Trust Corporation, and Compass S.A. have resisted service of process, provided misleading information to the Court, denied that the Court has jurisdiction over them and refused to provide an accounting for the Mastro assets transferred to the LCY Trust or the LCY Entities.

### Additional Transfers and Conveyances

4.44    The actions taken by Mastro to hinder, delay or defraud his creditors were not limited to transfers of assets into the Mastro Irrevocable Trust and The LCY Trust.  Mastro purported to sell certain assets outright and purported to encumber other assets with debt and/or deeds of trust.  The details of additional transactions presently known to the Trustee are set forth below.

### The Highlands House

4.45    On or about October 28, 2008, Michael R. Mastro and Michael K. Mastro, Co-Trustees of the Mastro Irrevocable Trust executed a statutory warranty deed purporting to convey the Highlands House to George B. Kauffman and Ellen Kauffman, husband and wife.  Ex. U.  No proceeds of this purported sale were paid to the Mastro Irrevocable Trust.  Mastro contends that the sale price was approximately $1.9 million, and that all sales proceeds after cost of sale were paid to an Avatar affiliate.  Mastro has provided no accounting for this transaction.

AMENDED COMPLAINT – Page 15

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.46    The purported sale of the Highlands House is invalid because the Mastro Irrevocable Trust is invalid, because the sale violated the terms of the trust agreement, or because the transaction was otherwise deficient.

4.47    Avatar, or any other recipient of the proceeds of the purported sale of the Highlands House, is not entitled to retain such proceeds unless the recipient can establish that the Mastro Irrevocable Trust received adequate consideration in money or money's worth.

4.48    The purported sale of the Highlands House and application of the resulting proceeds was intended to hinder, delay or defraud Mastro's creditors.

**The Medina Residence**

4.49    After the Medina Residence was transferred to LCY, LLC – Series Home, Mastro sought to encumber the Medina Residence with multiple deeds of trust representing substantially all of the value of the residence.

4.50    On or about February 16, 2009, Michael R. Mastro as "Managing Member" of LCY, LLC – Series Homes, Michael R. Mastro, individually and on behalf of his marital community, and Linda A. Mastro, individually and on behalf of her marital community, executed a Commercial Promissory Note in favor of "Concept Dorssers, a Monaco company" in the amount of $12 million ("Concept Dorssers Note").  Concept Dorssers is a name used by Hendrik J. Dorssers, and is not a separate business entity.  The original of the purported Concept Dorssers Note was never delivered to Hendrik J. Dorssers or to Concept Dorssers.

4.51    On or about February 19, 2009, Michael R. Mastro as "Managing Member" of LCY, LLC – Series Homes, and Linda A. Mastro as "Managing Member" of LCY, LLC – Series Homes,

AMENDED COMPLAINT – Page 16

Bush Strout & Kornfeld
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

purported to grant a $12 million deed of trust on the Medina Residence to "Concept Dorssers, a Monaco company." ("Concept Dorssers Deed of Trust"). Ex. V. The Concept Dorssers Deed of Trust was recorded with the King County Recorder's Office on February 20, 2009.

4.52    Neither Hendrik J. Dorssers nor Concept Dorssers loaned any money or provided any other consideration to LCY, LLC or LCY, LLC - Series Home in exchange for the Concept Dorssers Note and Deed of Trust.

4.53    Neither Hendrik J. Dorssers nor Concept Dorssers was or is a creditor of LCY, LLC or LCY, LLC - Series Homes.

4.54    In September 2009, with the assistance of other persons or entities, Mastro created a back-dated document purporting to set forth a December 11, 2008 agreement for Concept Dorssers to enforce a note and deed of trust against LCY, LLC – Series Homes for the benefit of a select few of Mastro's business acquaintances. Ex. W. The individuals named in this back-dated document, and the amount each allegedly was owed, are as follows:

| Concept Dorssers | $ 1,305,580.39 |
| Richard L. Bingham | $   142,647.42 |
| Danielle Smith | $     75,156.74 |
| Daniel Kirby | $     33,434.47 |
| Scott Switzer | $   138,286.54 |
| John J. Durst Living Trust | $   301,890.61 |
| Durst Living Trust | $ 1,340,574.31 |
| Terry Durst | $ 10,739,899.06 |

The back-dated document was created subsequent to the entry of the Order for Relief in the Mastro bankruptcy.

AMENDED COMPLAINT – Page 17

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.55    On September 8, 2009, Concept Dorssers issued a Notice of Default in preparation for foreclosing on the Concept Dorssers deed of trust.  Ex. X.  The Notice of Default was issued subsequent to the entry of the Order for Relief in the Mastro bankruptcy.

4.56    The Concept Dorssers Note and Deed of Trust are unenforceable because of lack of consideration, because they were improperly executed, and because they are otherwise deficient.

4.57    The purpose of the Concept Dorssers Note and Deed of Trust was to hinder, delay and defraud creditors of Mastro.

4.58    On or about May 18, 2009, Michael R. Mastro as "Managing Member" of LCY, LLC – Series Homes, and Linda A. Mastro as "Managing Member" of LCY, LLC – Series Homes, purported to grant a $3 million deed of trust on the Medina Residence to Foundation Management, Inc. ("Foundation Management Deed of Trust").  Ex. Y.

4.59    Foundation Management, Inc. ("Foundation Management") purports to be a Washington corporation.  Foundation Management is owned or controlled by Ken Sato, a long-time business associate of Mastro.

4.60    Foundation Management loaned no money and provided no other consideration to LCY, LLC or LCY, LLC - Series Home in exchange for the Foundation Management Deed of Trust.

4.61    Foundation Management was not and is not a creditor of LCY, LLC or LCY, LLC - Series Homes.

4.62    The Foundation Management Deed of Trust is unenforceable because of lack of consideration, and because it does not constitute a valid contract.

AMENDED COMPLAINT – Page 18

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.63     The Foundation Management Deed of Trust was intended to hinder, delay and defraud creditors of Mastro.

4.64     On or about November 12, 2009, Foundation Management caused the Foundation Management Deed of Trust to be reconveyed.  Ex. Z.  Ken Sato, President of Foundation Management, acknowledged that no loan was made to support the Foundation Management Deed of Trust.  The stated purpose of the reconveyance was to attempt to avoid liability to the Trustee.  The Trustee has dismissed Foundation Management from this lawsuit without prejudice to the Trustee's right to reassert any and all claims as the Trustee deems appropriate.

**The Clyde Hill House**

4.65     Michael R. Mastro and Michael K. Mastro, Co-Trustees of the Mastro Irrevocable Trust, are currently attempting to sell the Clyde Hill House.  Mastro has stated that all sales proceeds will be paid to an Avatar affiliate.

4.66     The Trustee is entitled to recover the Clyde Hill House for the benefit of the creditors in the Mastro bankruptcy.

4.67     Any continuing efforts by Michael R. Mastro and Michael K. Mastro to sell the Clyde Hill House without the written approval of the Trustee, or order of the Court, constitute improper interference with an asset of the bankruptcy estate.

**Challenged Transactions**

4.68     The Trustee is entitled to recover all assets under the control of the Mastro Revocable Living Trust because it is self-settled trust and may not be used to defeat the claims of Mastro's creditors.

AMENDED COMPLAINT – Page 19

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.69    The Trustee is entitled to recover any and all assets transferred to or from the Mastro Irrevocable Trust because the trust is either invalid or it is a self-settled trust and may not be used to defeat the claims of creditors.

4.70    The Trustee is entitled to recover any and all assets transferred to or from The LCY Trust because the trust is either invalid or it is a self-settled trust and may not be used to defeat the claims of creditors.

4.71    The Trustee is entitled to recover all other assets transferred to or from the Mastro Irrevocable Trust, The LCY Trust, the LCY Entities, or any related entities, because all such transfers were made without consideration.

4.72    The Trustee is entitled to recover all other assets transferred to or from the Mastro Irrevocable Trust, The LCY Trust, the LCY Entities, or any related entities, because all such transfers were intended to hinder, delay or defraud Mastro's creditors.

4.73    The Trustee is entitled to avoid all transactions to the Mastro Revocable Living Trust within the last two years and to avoid all transactions to or from the Mastro Irrevocable Trust, the LCY Trust, and the LCY Entities including, without limitation, the following:

(a)    Transfer of the Medina Residence to the Mastro Revocable Living Trust on or about June 9, 2008;

(b)    Transfer of the Medina Residence to the Mastro Irrevocable Trust on or about August 22, 2008;

(c)    Transfer of the Clyde Hill House to the Mastro Irrevocable Trust on or about August 22, 2008;

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1     (d) Transfer of the Highlands House to the Mastro Irrevocable Trust on or about

2       August 22, 2008;

3     (e) Grant of a deed of trust in favor of Avatar on the Clyde Hill House and the

4       Highlands House on or about September 17, 2008 to secure an alleged debt in

5       the amount of $3,360,000;

6     (f) Grant of a deed of trust on the Clyde Hill House and the Highlands House in

7       favor of Al Monjazeb on or about October 7, 2008 to secure an alleged debt in

8       the amount of $1 million;

9     (g) Transfer of the Medina Residence to LCY, LLC – Series Home on or about

10      October 10, 2008;

11     (h) Transfer of the Mastro jewelry to LCY, LLC – Series Jewelry on or about

12      October 10, 2008;

13     (i) Transfer of the Mastro 2008 Phantom Rolls Royce to LCY, LLC – Series

14      Automobiles on or about October 10, 2008;

15     (j) Transactions placing the LCY Entities under the control of the LCY Trust on or

16      about October 10, 2008;

17     (k) Sale of the Highlands House on or about October 28, 2008;

18     (l) Grant of a deed of trust on the Medina Residence in favor of Concept Dorssers

19      on or about February 19, 2009 to secure an alleged debt in the amount of $12

20      million; and

21     (m) Grant of a deed of trust on the Medina Residence in favor of Foundation

22      Management on or about May 18, 2009 to secure an alleged debt in the amount

23      of $3 million.

AMENDED COMPLAINT – Page 21

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

The transactions described in this subsection 4.73 including, without limitation, transactions (a) through (m) will be referred to below as the "Challenged Transactions."

**Damages**

4.74    Mastro's bankruptcy estate has suffered damages in an amount not less than the value of the assets that are the subject of the wrongful transactions described in this Amended Complaint, less the net value of any of those assets recovered by the Trustee after deducting all amounts spent to recover them.

## V.    RECOVERY OF ASSETS TRANSFERRED TO OR FROM SELF-SETTLED TRUSTS

5.1    Sections I-IV and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

5.2    The Trustee is entitled to recover all assets under the control of the Mastro Revocable Living Trust because it is a self-settled trust and may not be used to defeat the claims of creditors. *See, e.g.*, RCW 19.36.020.

5.3    The Trustee is entitled to recover all assets transferred to or from the Mastro Irrevocable Trust because the trust is either invalid or it is a self-settled trust and may not be used to defeat the claims of creditors. *See, e.g.*, RCW 19.36.020.

5.4    The Trustee is entitled to recover all assets transferred to or from The LCY Trust because the trust is either invalid or it is a self-settled trust and may not be used to defeat the claims of creditors. *See, e.g.*, RCW 19.36.020.

AMENDED COMPLAINT – Page 22

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## VI.    FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 544 AND RCW 19.40

6.1    Sections I-V and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

6.2    The Challenged Transactions are avoidable pursuant to 11 U.S.C. §544 and RCW 19.40 because:

(a)    Each of the Challenged Transactions was made with actual intent to hinder, delay or defraud creditors of Mastro;

(b)    Each of the Challenged Transactions was made without the debtor receiving reasonably equivalent value in exchange for the transfers;

(c)    The debtor was insolvent at the time of each of the Challenged Transactions or became insolvent as a result of the Challenged Transaction;

(d)    At the time of each of the Challenged Transactions, the debtor was engaged in or was about to engage in business for which the remaining assets of the debtor were unreasonably small in relation to the business or the transaction;

(e)    At the time of each of the Challenged Transactions, the debtor intended to incur or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

## VII.    FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548

7.1    Sections I-VI and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

7.2    The Challenged Transactions are avoidable pursuant to 11 U.S.C. §548 because:

(a)    Each of the Challenged Transactions was made within two years of the filing of the bankruptcy petition in this proceeding;

AMENDED COMPLAINT – Page 23

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(b)     Each of the Challenged Transactions was made with actual intent to hinder, delay or defraud creditors to whom Mastro was indebted on or after the date of the transaction;

(c)     Each of the Challenged Transactions was made without the debtor receiving reasonably equivalent value in exchange for such transfer or obligation;

(d)     The debtor was insolvent at the time of each of the Challenged Transactions or became insolvent as a result of the Challenged Transaction;

(e)     At the time of each of the Challenged Transactions, the debtor was engaged in or was about to engage in business for which the remaining assets of the debtor were unreasonably small in relation to the business or the transaction;

(f)     At the time of each of the Challenged Transactions, the debtor intended to incur or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

## VIII.   ACTION TO QUIET TITLE - MEDINA RESIDENCE

8.1     Sections I-VII and all subsections thereof are hereby repeated and incorporated as though set forth herein.

8.2     None of the defendants in this proceeding has any valid legal or equitable right, claim, or interest in the Medina Residence.

8.3     The Trustee seeks a declaration that the title to the Medina Residence is vested in the Trustee alone and that any and all of the defendants herein be declared to have no estate, right, title or interest in the Medina Residence and that each of the defendants be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to the Trustee or his successors in interest.

AMENDED COMPLAINT – Page 24

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# IX.    ACTION TO QUIET TITLE – CLYDE HILL HOUSE

9.1    Sections I-VIII and all subsections thereof are hereby repeated and incorporated as though set forth herein.

9.2    None of the defendants in this proceeding has any valid legal or equitable right, claim, or interest in the Clyde Hill House.

9.3    The Trustee seeks a declaration that the title to the Clyde Hill House is vested in the Trustee alone and that any and all of the defendants herein be declared to have no estate, right, title or interest in the Clyde Hill House and that each of the defendants be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to the Trustee or his successors in interest.

# X.    INJUNCTIVE RELIEF

10.1    Sections I-IX and all subsections thereof are hereby repeated and incorporated as though set forth herein.

10.2    All defendants, their agents and legal counsel should be restrained from exercising any possession, dominion or control over, or attempting in any way to gain possession, dominion or control over, any of the assets that are the subject of this Amended Complaint until a determination is made on the merits of this Amended Complaint regarding the ownership of such assets.

# XI.    PRESERVATION OF AVOIDED TRANSFERS

11.1    Sections I-X above and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

11.2    Any and all transfers avoided under the claims for relief set forth in this Amended Complaint are preserved for the benefit of the estate pursuant to 11 U.S.C. §551.

AMENDED COMPLAINT – Page 25

Bush Strout & Kornfeld
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# XII.    AIDING AND ABETTING

12.1    Sections I-XI above and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

12.2    Defendants Linda A. Mastro, Michael K. Mastro, Compass Trust Corporation, Compass S.A., Concept Dorssers and other persons and entities have aided and abetted Michael R. Mastro in carrying out the wrongful conduct described in this Amended Complaint.

12.3    All persons aiding and abetting the wrongful conduct described in this Amended Complaint are jointly and severally liable for all losses sustained by the bankruptcy estate as a result of such wrongful conduct.

# XIII.    CIVIL CONSPIRACY

13.1    Sections I-XII above and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

13.2    Defendants Linda A. Mastro, Michael K. Mastro, Compass Trust Corporation, Compass S.A., Concept Dorssers and other persons and entities have participated in a civil conspiracy with Michael R. Mastro to engage in the unlawful transactions described in this Amended Complaint.

13.3    Defendants Linda A. Mastro, Michael K. Mastro, Compass Trust Corporation, Compass S.A., Concept Dorssers and other persons and entities have participated in a civil conspiracy with Michael R. Mastro to achieve the unlawful objective of hindering, delaying or defrauding the creditors of Michael R. Mastro.

13.4    All participants in the civil conspiracy alleged in this Amended Complaint are jointly and severally liable for all losses caused by each participant in the conspiracy.

AMENDED COMPLAINT – Page 26

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## XIV.  DAMAGES

14.1    Sections I-XIII above and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

14.2    The Trustee is entitled to judgment for all losses sustained by the bankruptcy estate as a result of the wrongful conduct that is the subject of this Amended Complaint.

14.3    The Trustee is entitled to judgment against defendants to the extent they have received or benefited from assets that are property of the bankruptcy estate or property that is recoverable by the Trustee including without limitation all amounts transferred to defendants from the Mastro Revocable Living Trust, the Mastro Irrevocable Trust, The LCY Trust, or the LCY Entities.

## XV.  DECLARATORY RELIEF

15.1    Sections I-XIV above and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

15.2    The Trustee is entitled to a determination that all personal property of Michael R. Mastro and Linda A. Mastro is community property and is property of the bankruptcy estate.

## XVI.  RESERVATION OF RIGHT TO ADD ADDITIONAL DEFENDANTS

16.1    The Trustee reserves the right to add other parties as defendants following additional discovery.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for the following relief:

AMENDED COMPLAINT – Page 27

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1.     A determination that all assets under the control of the Mastro Revocable Living Trust are recoverable by the Trustee because the Mastro Revocable Living Trust is a self-settled trust.

2.     A determination that all assets transferred to or from the Mastro Irrevocable Trust are recoverable by the Trustee because the Mastro Irrevocable Trust is a self-settled trust.

3.     A determination that all assets transferred to or from the The LCY Trust are recoverable by the Trustee because The LCY Trust is a self-settled trust.

4.     A determination that the LCY Entities are property of the bankruptcy estate.

5.     A determination that each of the Challenged Transactions described in this Amended Complaint is avoidable pursuant to 11 U.S.C. §544 and RCW 19.40.

6.     A determination that each of the Challenged Transactions described in this Amended Complaint is avoidable pursuant to 11 U.S.C. §548.

7.     Judgment quieting title with respect to the Medina Residence.

8.     Judgment quieting title with respect to the Clyde Hill House.

9.     Judgment quieting title with respect to all other assets that are the subject of this Amended Complaint.

10.     An award of damages for all losses caused to the bankruptcy estate by the wrongful conduct described in this Amended Complaint.

11.     Injunctive relief precluding defendants from engaging in or causing any action to interfere with the bankruptcy estate's ownership of the transferred assets, including but not limited to any acts to transfer title to, seek to encumber, and/or seek to foreclose upon the purported secured obligations against any of the transferred assets identified herein.

12.     Judgment preserving all transfers avoided pursuant to this Amended Complaint for the benefit of the bankruptcy estate pursuant to 11 U.S.C. 551.

AMENDED COMPLAINT – Page 28

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

13.     A determination that all personal property of Michael R. Mastro and Linda A. Mastro

is community property and is property of the bankruptcy estate.

14.     Judgment awarding such other relief as the Court deems just and proper.

DATED this 23rd day of March, 2010.

BUSH STROUT & KORNFELD


By_____/s/ Gayle E. Bush_____
        Gayle E. Bush, WSB No. 07318
        Christine M. Tobin, WSB No. 27628


HALL ZANZIG CLAFLIN
McEACHERN PLLC


By_____/s/ Spencer Hall_____
        Spencer Hall, WSB No. 6162
        Janet D. McEachern, WSB No. 14450

Attorneys for James Rigby, Chapter 7 Trustee

AMENDED COMPLAINT – Page 29

BUSH STROUT & KORNFELD
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104