Below is a memorandum opinion of the Court.

_____

U.S. Bankruptcy Judge Marc Barreca

(Dated as of date Entered on Docket date above)

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **IN RE:** | |
| **MICHAEL R. MASTRO,** | **CASE NO. 09-16841-MLB (CH. 7)** |
| Debtor. | |
| **JAMES F. RIGBY, JR.**, Trustee, solely in his capacity as Chapter 7 trustee of the bankruptcy estate of Michael R. Mastro, | **ADVERSARY NO. 09-01439-MLB** |
| Plaintiff, | **MEMORANDUM OPINION DENYING INCLUSION OF ATTORNEYS' FEES IN JUDGMENT AGAINST DORSSERS** |
| v. | |
| **MICHAEL R. MASTRO** and **LINDA A. MASTRO**, and their marital community; **MICHAEL K. MASTRO** and **JANE DOE MASTRO**, and their marital community; **LCY, LLC**, a Delaware limited liability corporation; **LCY, LLC-SERIES HOME; LCY, LLC-SERIES JEWELRY; LCY, LLC-SERIES AUTOMOBILES; THE LCY TRUST; COMPASS TRUST CORPORATION**, a purported Belizean entity; **COMPASS S.A.; MASTRO REVOCABLE LIVING TRUST; MASTRO IRREVOCABLE TRUST; CONCEPT DORSSERS**, a purported Monaco company; **HENDRIK J. DORSSERS**; and **AVATAR INCOME FUND I LLC**, a Delaware limited liability company, | |
| Defendants. | |

This matter came before the Court on the Trustee's Motion for Entry of Judgments (the "Entry Motion") against, among others, Concept Dorssers and Hendrik J. Dorssers (together "Dorssers"). *See* Dkt. No. 786.[1] Dorssers objected to entry of the Trustee's proposed judgment on three alleged bases: (1) the Amended Complaint does not include a request for attorneys' fees in its prayer for relief, (2) there is no basis in law for an award of attorneys' fees, and (3) Dorssers was not given notice that recovery of attorneys' fees and costs was a potential litigation outcome. *See* Dkt. No. 800. The Trustee countered that: (1) the request for attorneys' fees was clearly set forth in the Pretrial Order,[2] (2) Dorssers requested attorneys' fees in his Answer pursuant to the February Note and Medina Deed of Trust[3] on which he was seeking to recover – which provided for attorneys' fees, and (3) pursuant to RCW 4.84.330, a unilateral attorneys' fees provision must be applied reciprocally.[4] *See* Dkt. No. 810. Dorssers filed a surreply, arguing that RCW 4.84.330 does not apply if the parties did not intend to form a contract. *See*

---

[1] All docket references herein are made to the adversary case *Rigby v. Mastro,* 09-01439-MLB (Bankr. W.D. Wash. filed Sept. 29, 2009), unless otherwise stated.

[2] The Pretrial Order Provides that,

> Trustee will pursue the following claims for relief at trial: . . . .
> Concept Dorssers and Hendrik J. Dorssers. Concept Dorssers and
> Hendrik J. Dorssers ("Dorssers") are liable for costs and attorneys'
> fees pursuant to the terms of the purported note and deed of trust
> that is the basis for Dorssers' claim against the Trustee. . . . This
> order has been approved by the parties as evidenced by the
> signatures of their counsel. This order shall control the subsequent
> course of the action unless modified by a subsequent order.

*See* Pretrial Order, Dkt. No. 430, pp. 7, 41-42.

[3] The "February Note" and "Medina Deed of Trust" are defined in the Memorandum Opinion Following Trial. *See* Dkt. No. 824.

[4] Pursuant to RCW 4.84.330, "[i]n any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements."

Dkt. No. 811. At the hearing on the Entry Motion on November 4, 2011, the Court took the attorneys' fees issue under advisement.

## Background

In this adversary proceeding against Dorssers the Trustee asserted both federal and state fraudulent transfer claims, and objected to Dorssers' efforts to collect on the February Note and Medina Deed of Trust pursuant to his claim filed in the main case.[5] As set forth in the Pretrial Order, the Trustee alleged,

> The $12 million note and deed of trust to Concept Dorssers were a sham. They are not enforceable and do not create any valid lien against the Medina residence or any other property of the Mastro bankruptcy estate. The $12 million note and deed of trust to Concept Dorssers also are avoidable by the Trustee as a fraudulent transfer under 11 U.S.C. §548, and 11 U.S.C. §544 and RCW 19.40.

Dkt. No. 430, p.4. Dorssers asserted various affirmative defenses and claims styled as a "counterclaim" against Michael R. Mastro, Linda A. Mastro, and LCY-LLC Series Homes for breach of the February Note, purportedly secured by the Medina Deed of Trust.

> The Dorssers Defendants seek declaratory relief for breach of a commercial promissory note by Michael R. Mastro, Linda A. Mastro, and LCY, LLC – Series Home, which was secured by a Deed of Trust.

See Dkt. No. 430, p.10.

As set forth more fully in the Memorandum Opinion Following Trial, the Court concluded that the February Note and Medina Deed of Trust transaction was a sham not intended by the Mastros or LCY, LLC – Series Home to create a binding obligation, that the transaction was not consummated, that the transaction was voidable as a fraudulent transfer, and that neither the estate of Michael R. Mastro nor Linda A. Mastro had any liability to Dorssers for any alleged

---

[5] See Claim No. 362, filed in the amount of $133,000, and Claim No. 363, filed in the amount of $12,652,635.06, in *In re Michael R. Mastro,* 09-16841-MLB (Bankr. W.D. Wash. filed July 10, 2009). Notably, in this adversary proceeding, Dorssers abandoned his attempt to collect on the full $12,000,000 amount of the February Note.

breach of same. *See* Dkt. No. 824. The Trustee now seeks his attorneys' fees pursuant to the Entry Motion.

**Analysis**

A. <u>The Trustee's intent to seek attorneys' fees was clear.</u>

The Court concludes that Dorssers was sufficiently aware that the Trustee was seeking to recover attorneys' fees against him. The Trustee's intent to seek attorneys' fees was clearly set forth in the agreed Pretrial Order.

B. <u>The Trustee is not entitled to attorneys' fees for prosecuting fraudulent transfer claims.</u>

The Trustee is not entitled to attorneys' fees for prosecuting the state and federal fraudulent transfer claims against Dorssers. In *Rothery*, the Ninth Circuit held that a fraudulent transfer action pursued by a trustee in bankruptcy is not an "action on the contract" for purposes of a reciprocal attorneys' fees statute. *See Rothery v. Marshack*, 200 B.R. 644, 650-51 (9th Cir. B.A.P. 1996). The analysis is the same under Washington state law. *DMB Consulting Eng'rs, Inc. v. Sanders*, 2010 Wash. App. LEXIS 2012, at *9, n.16 (Sept. 7, 2010) (unpublished) ("This case is unlike *Herzog* because the claim against Sanders arises not from the contract, but from the UFTA); *Worthington v. Low Cost Drugs, Inc.*, 2000 Wash. App. LEXIS 255, at *18 (Feb. 15, 2000) (unpublished) ("Fees are not awarded for actions based on UFTA violations.").

C. <u>The Trustee is not entitled to attorneys' fees for prosecuting the claim objection.</u>

The analysis regarding the Trustee's entitlement to attorneys' fees pursuant to the objection to Dorssers' claim is a bit more nuanced. Had Dorssers been the prevailing party in this adversary proceeding, the law of Washington is clear that the attorneys' fees provision in the February Note would have applied, and Dorssers would have been entitled to attorneys' fees pursuant to RCW 4.84.330. Those attorneys' fees would have been added to increase the amount of Dorssers' pre-petition claim. *See SNTL Holdings Corp. v. Centre Ins. Co.*, 571 F.3d 826, 841-45 (9th Cir. 2009) (holding that "attorneys' fees arising out of a prepetition contract but incurred postpetition fall within the Bankruptcy Code's broad definition of claim," and concluding that

such fees are to be added to the "unsecured claim under section 502"). As the prevailing party in the instant adversary proceeding, the Trustee asserts that he is entitled to attorneys' fees on behalf of the bankruptcy estate pursuant to RCW 4.84.330.

However, unlike Dorssers, the Trustee is *not a party* to either the February Note or the Medina Deed of Trust. In Chapter 7 cases a trustee is duty bound to recover and sell a debtor's nonexempt property and to use the proceeds to pay secured, administrative, and unsecured claimants. The Trustee's objection to Dorssers' claim under Section 502 was made as the representative of Michael R. Mastro's estate, in an effort to preserve and protect the proceeds of the sale of the Medina Residence for eventual distribution to all creditors. The Trustee's standing to object to Dorssers' claim under Section 502 as a "party in interest" does not render the Trustee a party to the February Note or Medina Deed of Trust.

Moreover, in objecting to Dorssers' claim, the Trustee was not asserting contractual rights *as if he were* Michael R. Mastro. The Trustee's role in pursuing claims on behalf of the estate's body of creditors is to be distinguished from the Trustee's role in pursuing claims in the Debtor's stead. For example, in asserting a breach of contract claim, a trustee steps into the shoes of the Debtor. *See Hopkins v. Saratoga Holdings, LLC*, 2008 Bankr. LEXIS 1357 (Bankr. D. Idaho 2008) (awarding a defendant attorneys' fees against a bankruptcy trustee on a breach of contract claim); *Endeavour GP, LLC v. Endeavour Highrise, L.P*, 432 B.R. 583, 646 (Bankr. S.D. Tex. 2010) (awarding attorneys' fees to a trustee as the prevailing plaintiff on a breach of contract claim); *see also Akers v. Geviss,* 2006 Bankr. LEXIS 4697, at *14 (Bankr. S. D. Cal. 2006), *reversed on other grounds*, (noting that to seek damages for breach of a martial settlement agreement, "the Trustee must step into the Debtor's shoes in asserting this claim"); *New Cingular Wireless Servs., Inc., v. Burkhart*, 2008 U.S. Dist. LEXIS 79273, at *13 (E.D. Cal. 2008) (noting that with regard to contractual rights the "estate stands in the shoes of the debtor"). However, when a trustee objects to a claim, as with creditors who object to a claim, the trustee is

not standing in the shoes of the debtor and is therefore not acting as a party to the asserted contract.

Numerous Washington cases have found that a contract's attorneys' fees provision should not be applied reciprocally as to a nonsignator to the contract. *See e.g., Mut. Sec. Fin. v. Unite*, 68 Wn. App. 636, 643 (1993) ("[B]ecause Guzman never signed the note . . . there is no basis to award Guzman attorney's fees based on a 'bilateral' application of the note's attorney fee provision"); *DBM Consulting Eng'rs, Inc. v. Sanders*, 2010 Wash. App. LEXIS 2012 (Sept. 7, 2010) (unpublished) ("Sanders . . . was not a party to the contract and is not entitled to fees on that basis."); *Watkins v. Restorative Care Ctr.*, 66 Wn. App. 178, 194-95 (1992) ("It would be both unfair and contrary to law to enforce the attorney fees provision negotiated between the Pavloffs and RCC against the Watkins, who were strangers to the agreement."); *Snohomoish Reg'l Drug Task Force v. Real Prop. Known as 414 Newberg Rd.*, 151 Wn. App. 743, 761 n.10 (2009) ("[RCW 4.84.330] has little if any applicability to contractual provisions requiring indemnification of legal costs incurred as a result of actions brought by third parties.").

Although some Washington cases have found "that attorney fees may in some circumstances be awarded under RCW 4.84.330 to a nonsignatory, the action must be one in which it is alleged that a person is liable on a contract." *Niederle v. T.D. Escrow Servs.,* 2002 Wash. App. LEXIS 2944, at *11-12 (Nov. 25, 2002) (unpublished) (internal quotes omitted) (citing *Herzog*, 39 Wn. App. At 197); *see also P.T. Ika Muda Seafoods, Int'l*, 2006 Wash. App. LEXIS 2331 (Oct. 23, 2006) (unpublished). Here, the Trustee made no allegation that Dorssers was liable on either the February Note or Medina Deed of Trust. Rather, the Trustee alleged they were sham transactions. Thus, the Trustee is not entitled to attorneys' fees for objecting to Dorssers' claim.

D. <u>Even if the Trustee were treated as a party to the purported contract, Washington law further supports the conclusion that application of RCW 4.84.330 would not be appropriate here.</u>

In *Herzog,* deciding an issue of first impression, Division I of the Court of Appeals held that pursuant to RCW 4.84.330 a "defendant who successfully defends a breach of contract lawsuit by proving the absence of an enforceable contract [is] entitled to attorney fees on the basis of the purported contract sued upon which would have allowed attorney fees to the plaintiff." *In re Herzog Aluminum Inc. v. General American Window Corporation*, 39 Wn. App. 188, 189, 197 (1984); *Mt. Hood Bev. Co. v. Constellation Brands, Inc.*, 149 Wn.2d 98, 121 (2003) (adopting *Herzog*'s reasoning). Division III of the Court of Appeals has reached the same conclusion as *Herzog. See e.g., Meenach v. Triple "e" Meats*, 39 Wn. App 635, 640-41 (1985). Division II of the Court of Appeals indicated that it did not necessarily disagree with the reasoning of Herzog, but declined to apply *Herzog*, "where the parties seeking fees . . . did not <u>intend</u> to form a contract." *Wallace v. Kuehner*, 111 Wn. App. 809, 820 (2002) (emphasis added).

Subsequent Washington cases have universally followed the "mutuality of remedy" reasoning set forth in *Herzog* and *Mt. Hood* – that attorneys' fees should be reciprocally awarded in situations in which the other party would have been entitled to attorneys' fees had they prevailed. *See Kaintz v. PLG, Inc.*, 147 Wn. App. 782 (2008) (discussing "mutuality of remedy"). However, subsequent cases, including some in Division I from which *Herzog* came, have also adopted the reasoning of Division II as set forth in *Kuehner* -- distinguishing "between circumstances where the parties *intended* to form a contract (but failed due to some operation of law), and those where the parties never intended to be bound." *Borton & Sons v. Novazone, Inc.*, 2011 U.S. Dist. LEXIS 88372 (E.D. Wash. Aug. 10, 2011); *see also P.T. Ika Muda Seafoods, Int'l v. Ocean Beauty Seafoods, Inc.*, 2006 Wash. App. LEXIS 2331 (Oct. 23, 2006) (unpublished) (Division I case); *Munro v. Swanson*, 2007 Wash. App. LEXIS 310 (Feb. 20,

2007) (unpublished) (Division I case). In the instant adversary proceeding, this Court unequivocally found that the February Note and Medina Deed of Trust were sham transactions and that neither LCY, LLC- Series Home, Michael R., nor Linda A. Mastro had any intent to be bound by them. Thus, this Court finds the facts here to be most analogous to *Kuehner*, and concludes as an additional basis that an award of the Trustee's attorneys' fees would be inappropriate, because there was no mutual intent to form a contract.

## **Conclusion**

For the reasons set forth above, the Trustee's request for attorneys' fees against Dorssers is denied.

/// End of Memorandum ///